# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### ASSIGNED ON BRIEFS MAY 4, 2012

## LINDA HAUN SCARBROUGH v. GARY LYNN SCARBROUGH

**Direct Appeal from the Chancery Court for Meigs County**
**No. 4351     Jayne Crowley, Chancellor**

_____

**No. E2011-01854-COA-R3-CV-FILED-JUNE 4, 2012**

_____

Wife appeals the trial court's classification of property and its division of marital property following the parties' divorce. She also argues that Husband failed to demonstrate his need for spousal support and that the award exceeds Husband's actual need. We affirm the decision of the chancery court. We find it appropriate to award Husband his attorney fees incurred on appeal, and we remand to the trial court for a determination of such fees reasonably incurred.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Felisha B. White, Seymour, Tennessee, for the appellant, Linda Haun Scarbrough

D. Mitchell Bryant, Athens, Tennessee, for the appellee, Gary Lynn Scarbrough

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Gary Lynn Scarbrough ("Husband") and Linda Haun Scarbrough ("Wife") married in Tennessee in 1985. A few years later, the couple moved to Florida where Husband eventually began working as a police officer. Approximately five to six years after Husband began working at the police department, Wife also became employed as a police officer there. In 1996, after five years on the job, Wife was involved in a work-related vehicle accident, which left her both physically and psychologically unable to continue working. As a result, Wife began receiving a pension as well as worker's compensation and care taking "attendant care benefits." Husband soon retired in order to care for Wife.

In 1998, the couple returned to Tennessee. In June 2010 fifty-nine year old Wife petitioned the Meigs County Chancery Court for a divorce from sixty-one year old Husband. Husband filed an Answer and Counter-Complaint seeking spousal support based upon an alleged disparity between the parties' incomes.

Following a divorce trial in June 2011, the trial court declared the parties divorced and it divided their assets, as set forth in a June 17, 2011 Memorandum Opinion. In its Memorandum Opinion, the trial court noted the long-term length of the marriage, the parties' similar ages, and the unlikelihood that either party would return to work due to poor health. The trial court found that "[e]ach party receives comparable pension and Social Security income monthly[,]" but that Wife also receives additional monthly income: $1,830.00 worker's compensation and $3,640.00 to be used for attendant care. Moreover, the trial court found that "[b]oth parties made the choice, during the marriage, to have husband leave his employment with a police department in order to provide attendant care for wife after her automobile accident. By doing so husband lost the potential of greater pension and Social Security benefits."

The court then made the following awards: to Husband, $335.00 separate property and $45,080.00 marital property; to Wife, $2,010.00 separate property and $7,010.00 marital property. Additionally, noting "husband's demonstrated need, [and] wife's current ability to pay," the trial court awarded Husband transitional spousal support of $1,000.00 per month, for sixty months.[1] The trial court awarded each party his own pension and it allowed Wife to retain $60,180.00 in worker's compensation benefits she received during the parties' separation–from July 1, 2010 through May 31, 2011.

---

[1] On July 6, 2011, a stay was entered from the $1,000.00 per month spousal support payment.

Wife filed a "Motion to Alter or Amend Judgment and/or for Relief from Judgment or in the Alternative, for a New Trial" challenging the trial court's division of the marital estate and its award of spousal support–both the amount and duration. Following a hearing, the trial court entered an Order, on July 22, 2011, overruling Wife's motion for a new trial, but reducing Husband's spousal support award from $1,000 per month to $700.00 per month.[2] Wife timely appealed to this Court.

## II. ISSUES PRESENTED

Wife presents the following issues for review, as summarized:

1. Whether the trial court erred in classifying Wife's $60,180.00 worker's compensation benefits as marital property subject to equitable division;

2. Whether the trial court erred in dividing the marital estate; and

3. Whether the trial court erred in awarding spousal support to Husband.

Additionally, Husband presents the following issue:

4. Whether Husband should be awarded his attorney fees on appeal.

For the following reasons, we affirm the decision of the trial court. We find it appropriate to award Husband his attorney fees incurred on appeal, and we remand to the trial court for a determination of such fees reasonably incurred.

## III. DISCUSSION

### A. Classification of Property

On appeal, Wife argues that the trial court erred in classifying as marital property all of the $60,180.00 she received during the parties' separation. According to Wife, this sum included worker's compensation benefits, attendant care benefits, pension payments, and Social Security payments. Wife argues that because she received the worker's compensation benefits in monthly installments, as opposed to in a lump sum, only the money she has not

[2]The previous stay regarding spousal support was extended pursuant to the trial court's July 22, 2011 Order.

yet spent–$7,000.00–may be classified as marital property. However, she further argues that the remaining $7,000.00 includes payments from her pension and from Social Security, which she argues, should be subtracted. Additionally, she contends that some portion of the $60,180.00 sum included attendant care benefits, which she argues are not properly classified as marital property.

"Questions regarding the classification of property as either marital or separate . . . are inherently factual." *Owens v. Owens,* 241 S.W.3d 478, 485 (Tenn. Ct. App. 2007) (citing *Current v. Current,* No. M2004-02678-COA-R3-CV, 2006 WL 656791, at *1 (Tenn. Ct. App. Mar. 15, 2006); *Bilyeu v. Bilyeu,* 196 S.W.3d 131, 135 (Tenn. Ct. App. 2005), *perm. app. denied* (Tenn. June 12, 2006); 19 W. Walton Garrett, *Tennessee Practice: Tennessee Divorce, Alimony and Child Custody* § 15:3, at 324 (rev. ed.2004)). Therefore, we review the trial court's classification of property with a presumption of correctness and will not overturn those factual findings unless the evidence preponderates against them. *See Owens,* 241 S.W.3d at 485; Tenn. R. App. P. 13(d) (2011).

1. Classification of Worker's Compensation Benefits

"As a general rule, assets acquired by either spouse during the marriage are presumed to be marital property." *Owens*, 241 S.W.3d at 485 (citations omitted). A party attempting to classify as separate property an asset acquired during the marriage bears the burden of proof by a preponderance of the evidence. *Id.* at 485-86 (citing *Goulet v. Heede*, No. E2000-02535-COA-R3-CV, 2002 WL 126279, at *5 (Tenn. Ct. App. Jan. 31, 2002); *Dunlap v. Dunlap*, 996 S.W.2d 803, 814 (Tenn. Ct. App. 1998)).

As relevant to this appeal, the term "marital property" "means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce . . . and including any property to which a right was acquired up to the date of the final divorce hearing[.]" **Tenn. Code Ann. § 36-4-121(b)(1)(A)**.[3] "Marital property" "includes recovery in . . . worker's compensation . . . for . . . wages lost during the marriage[.]" **Tenn. Code Ann. § 36-4-121(b)(1)(C)**.

---

[3]"Separate property" includes "[p]roperty acquired by a spouse after an order of legal separation where the court has made a final disposition of property." **Tenn. Code Ann. 36-4-121(b)(2)(F)**. Wife does not argue, and we find no indication that, this statutory provision is applicable to the instant case.

a. Attendant Care Benefits

Wife apparently does not dispute that the attendant care benefits are a type of worker's compensation recovery. But, she seems to argue that even though they are a type of worker's compensation, the attendant care benefits are not "marital property" because they do not represent lost income, but instead are paid to provide Wife with 24-hour care. However, the evidence at trial indicated that Husband retired from his position with the police department in order to provide such care for Wife, and that the attendant care benefits were based upon the income Husband lost to do so.

In her brief to this Court, Wife argues that "If the court is going to consider [the attendant care] money as income to [Wife], it would also have to consider the expense of paying someone for twenty-four (24) hour care." While Wife's argument is logical, the evidence does not demonstrate that Wife actually expends such money toward care. Wife testified that she gives the attendant care money to her son, with whom she lives, because he "takes [her] everywhere [she] need[s] to go." Wife acknowledged her son has no specialized medical training and that she is able to walk, to groom herself, to fix light meals, to drive a vehicle "for short periods[,]" and to garden and paint. Wife does not suggest, nor does the evidence indicate, that Wife's son has foregone other employment to care for Wife. Moreover, the attendant care checks are payable to Wife and nothing has been done to name Wife's son as her attendant care provider. Based upon the foregoing, we find that the evidence does not preponderate against the trial court's classification of the attendant care benefits paid during the parties' separation as marital property subject to equitable division, and we further find that the trial court was not required to offset Wife's alleged care expenses.

b. Monthly Worker's Compensation Payments

In her brief to this Court, Wife claims that "[t]he court cannot divide property that is not owned by the parties, or in possession of one or both of the parties, at the time of the divorce." Thus, Wife argues that because Wife allegedly expended all but a small portion of the monthly worker's compensation benefits she received during the parties' separation, only the portion not yet expended may be classified as marital property. As support for this argument, Wife briefly cites the case of *Brock v. Brock*, 941 S.W.2d 896, 900 (Tenn. Ct. App. 1996). *Brock* states the general principle that "property once owned by a spouse, either as separate property or marital property, but not owned by either spouse at the time of divorce, is not subject to classification and division or distribution when the divorce is pronounced." **941 S.W.2d at 900** (footnote omitted). However, *Brock* involved a party seeking to carve out separate property from the marital estate to compensate for assets owned prior to the marriage, but no longer owned at the time of the divorce. *Id.* at 901. It did not

involve worker's compensation benefits paid and spent during the pendency of a divorce.

We reject Wife's assertion that the trial court could not credit to her, as marital property, worker's compensation benefits received and spent by her during the parties' separation. The statutory definition of "marital property" does not compel the limitation that Wife suggests. Again, "marital property" is statutorily defined to include

> all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing *and* owned by either or both spouses as of the date of filing of a complaint for divorce . . . and including any property to which a right was acquired up to the date of the final divorce hearing[.]

**Tenn. Code Ann. § 36-4-121(b)(1)(A)** (emphasis added). As our Supreme Court has explained, the statute is properly interpreted to classify as marital property "all property owned as of the date of filing of the complaint for divorce *or* acquired up to the date of the final divorce hearing." *Larsen-Ball v. Ball*, 301 S.W.3d 228, 233 (Tenn. 2010) (emphasis added); *see also id.* (noting the General Assembly's intent to permit parties to acquire marital property as late as the date of the final divorce hearing). Here, Wife clearly acquired the right to receive worker's compensation benefits prior to the final divorce hearing and she, in fact, received the benefits at issue during the pendency of the divorce. Wife may not simply convert the worker's compensation benefits paid into her own separate property by expending such benefits prior to the final divorce hearing.

2.  Classification of a Portion of Pension and Social Security Benefits as Marital Property

With regard to property classification, Wife finally argues that the trial court erred in failing to deduct from the $60,180.00 figure, her pension and Social Security benefits allegedly included therein. Consistent with Wife's Affidavit of Monthly Income and Expenses, the trial court found that Wife receives $1,830.94 per month in worker's compensation benefits. Regarding attendant care benefits, Husband submitted a document to the trial court claiming that Wife receives $3,640.00 per month in attendant care benefits, but Wife testified at trial that she receives monthly attendant care benefits of only $3,360.00. In its Memorandum Opinion, the trial court found, consistent with Husband's assertion, that Wife receives $3,640.00 per month in attendant care benefits. However, the check stubs, which are included in the record before us, indicate that this finding was in error. The check stubs reveal that Wife receives the lesser of the two sums asserted: $1,680.00 bi-weekly or $3,360.00 per month.

Together, Wife receives $5,190.94 per month in worker's compensation and attendant care benefits. This monthly amount multiplied by the eleven-month separation period from July 1, 2010 through May 31, 2011, totals $57,100.34 in worker's compensation and attendant care benefits–a difference of $3,079.66 as compared to the trial court's calculation. We address the effect of such error, if any, below.

## B. *Division of Marital Property*

Having considered Wife's contentions regarding classification, we now address whether the trial court erred in dividing the marital property. After a trial court classifies and values property, "the trial court's goal is to divide the marital property in an essentially equitable manner." ***Owens***, 241 S.W.3d at 489-90 (citing Tenn. Code Ann. § 36-4-121(a)(1); *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001)). However, "equitable" does not necessarily mean "equal." ***See id.*** at 490 (citing *Robertson v. Robertson*, 76 S.W.3d 337, 341 (Tenn. 2002); *Cohen v. Cohen*, 937 S.W.2d 823, 832 (Tenn. 1996)).

In dividing a marital estate, the trial court should not act mechanically, but instead it should carefully weigh the relevant factors set forth in Tennessee Code Annotated section 36-4-121(c).[4] Once property is classified as marital property, we must give "great weight"

---

[4]In equitably dividing marital property, the trial court is to consider "all relevant factors" including:
(1) The duration of the marriage;
(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
(4) The relative ability of each party for future acquisitions of capital assets and income;
(5)(A) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including th contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weigh if each party has fulfilled its role;
(B) For purposes of this subdivision (c)(5), dissipation of assets means wasteful expenditures which reduce the marital property available for equitable distributions and which are made for a purpose contrary to the marriage either before or after a complaint for divorce or legal separation has been filed.
(6) The value of the separate property of each party;
(7) The estate of each party at the time of the marriage;
(8) The economic circumstances of each party at the time of the division of property is to become effective;

(continued...)

to the trial court's division of such jointly-owned property, and we will presume the correctness of the division unless the preponderance of the evidence is otherwise. ***Barnhill v. Barnhill***, 826 S.W.2d 443, 449-50 (Tenn. Ct. App. 1991) (citations omitted). "'We are disinclined to disturb the trial court's [division of marital assets] unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures.'" ***Keyt v. Keyt,*** 244 S.W.3d 321, 327 (Tenn. 2007) (quoting *Herrera v. Herrera,* 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996)). "[I]t is not our role to tweak the manner in which a trial court has divided the marital property." ***Owens***, 241 S.W.3d at 490 (citing *Morton v. Morton*, 182 S.W.3d 821, 834 (Tenn. Ct. App. 2005)). Instead, we are to determine whether the trial court utilized the appropriate legal standards, whether it employed logic and reason in weighing the appropriate factors, and whether its ultimate division is equitable. ***Id.*** (citing *Jolly v. Jolly*, 130 S.W.3d 783, 785-86 (Tenn. 2004); *Gratton v. Gratton*, No. M2005-01964-COA-R3-CV, 2006 WL 794883, at *7 (Tenn. Ct. App. Mar. 28, 2006); *Kinard v. Kinard*, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998)).

Again, the trial court expressly awarded Husband $45,080.00 in marital property and it awarded Wife $7,010.00 in marital property. Wife contends that this division was inequitable because she alleges, as compared to her, Husband has less monthly expenses, Husband has more disposable income, and Husband has a "more valuable separate estate[.]"[5] However, in so arguing, Wife overlooks the additional $57,100.34 in marital property awarded to her by the trial court.

As stated above, in its Memorandum Opinion, the trial court noted its consideration of many of the applicable statutory factors, including: the duration of the marriage; the

---

[4](...continued)
(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;
(10) The amount of social security benefits available to each spouse; and
(11) Such other factors as are necessary to consider the equities between the parties.
**Tenn. Code Ann. § 36-4-121(c)**.

[5]Wife contends that "[Husband's] mother recently passed away, leaving to [Husband] and his brothers the home where [Husband] is currently residing." However, at trial, Husband testified that he will be required to split his Mother's estate, which includes "[a] little bit of furniture" and a small house for which his mother paid $40,000, with his four brothers. He further testified that the Estate owes approximately $8,000.00 in funeral expenses. Wife has failed to produce specific evidence regarding her claim as to the value of Husband's interest in his mother's estate. However, it appears that such interest is insubstantial, and at any rate, that it is comparable to Wife's separate property valued at $2,010.00.

parties' ages, physical and mental health; the parties' employability and ability for future income; the parties' income, expenses, and separate property; and the negative effect of Husband's early retirement to care for Wife on his pension and Social Security benefits.

According to his "Income and Expense Statement," each month Husband receives a $775.00 pension and $900.00 in Social Security income, for a total income of $1,675.00. Husband's expenses, which the trial court found reasonable, total $2,229.00.[6] When Husband's spousal support of $700.00 per month is added, Husband's income totals $2,375.00, leaving a surplus of $146.00. In contrast, Wife's monthly income from her pension, Social Security, worker's compensation, and attendant care benefits[7] totals $6,656.85. Her monthly expenses, including the $700.00 spousal support to Husband, total $3,047.75, leaving a monthly surplus of $3,609.10. We simply find no support for Wife's argument that the trial court erred, to her detriment, in dividing the parties' marital property.

### C. Spousal Support

Next, we address Wife's claims of error regarding the $700.00 per month[8] transitional spousal support award to Husband. Specifically, Wife argues that Husband failed to demonstrate his need for the award, and that the award exceeds Husband's actual need. We review the trial court's award of spousal support under the abuse of discretion standard. *Tait v. Tait*, 207 S.W.3d 270, 275 (Tenn. Ct. App. 2006) (citing *Herrera*, 944 S.W.2d at 385). Under this standard, we will uphold the trial court's determination, irrespective of our inclination to decide the issue differently, so long as the trial court's decision is within the range of acceptable alternatives. *See id.* (citing *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)).

In considering an award of spousal support, the trial court is to consider a number of factors:

(1) The relative earning capacity, obligations, needs, and financial resources

---

[6]This amount does not include the $500.00 "anticipated" rent expense, as Husband testified that he is not currently paying rent.

[7]As explained above, the attendant care checks are payable to Wife, and the evidence supports their classification as income to Wife.

[8]The trial court initially awarded Husband $1,000.00 per month, but the amount was later reduced to $700.00 per month.

of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but no limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property, as defined in § 36-4-121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.


**Tenn. Code Ann. § 36-5-121(i)**.  Although all relevant factors must be considered, the two most important factors are the disadvantaged spouse's need and the obligor spouse's ability to pay.  ***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 110 (Tenn. 2011) (citing *Riggs v. Riggs*, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007).


As stated above, the trial court initially awarded Husband $1,000.00 per month in transitional spousal support, but following a hearing on Wife's "Motion to Alter or Amend

Judgment and/or for Relief from Judgment or in the Alternative, for a New Trial," it reduced the award to $700.00 per month. The support reduction was based upon Husband's inclusion of a $500.00 per month rental payment in his Income and Expense Statement, which he acknowledged that he was not currently paying due to his ability to reside rent-free in his mother's home following her death. On appeal, Wife argues that because Husband's expenses decreased by $500.00, the spousal support necessarily should have been reduced by $500.00–not merely by $300.00. Wife also argues that Husband should not have been allowed to include a $250.00 per month attorney fee expense in his Income and Expense Statement, because she contends, Husband failed to submit an affidavit verifying the total amount of attorney fees owed, so as to demonstrate that the expense would not terminate prior to the sixty-month support period.

At the trial of this matter, Husband testified that following his mother's recent death, his four brothers allowed him to begin living in her home rent-free in exchange for his upkeep and maintenance of the home, as well as for his $50.00 per month payment towards his mother's funeral expenses.[9] However, Husband "ha[d] no idea how long" he would be able to continue living there, as he stated that "It just depends on if one of [his four brothers] decides he wants his money out of it."

In its Memorandum Opinion, the trial court found the expenses listed by the parties to be "reasonable[,]" and such expenses included Husband's $250.00 per month attorney fee payment. Additionally, Husband's Income and Expense Statement, which included the attorney fee payment, contained a "Verification" by Husband, under oath, of the Statement's accuracy. We find no basis for overturning the trial court's determination with regard to the reasonableness of Husband's attorney fee expense. Moreover, Wife has cited no authority, nor have we found any, requiring the trial court's spousal support reduction to directly correspond to the $500.00 amount not presently owed. Considering the potential temporary nature of Husband's living arrangement, his funeral expense obligation, and his monthly surplus of only $146.00 even with the $700.00 spousal support, we find no abuse of discretion by the trial court in its mere $300.00 per month reduction of Husband's spousal support.

### D. Attorney Fees

---

[9]The funeral expense statement was not included on Husband's Income and Expense Statement.

Finally, we address Husband's request for attorney fees on appeal. In divorce cases, this Court may award appellate attorney fees to an economically disadvantaged prevailing party. **Boggs v. Boggs**, No. M2006-00810-COA-R3-CV, 2007 WL 2353156, at *6 (Tenn. Ct. App. Aug. 17, 2007).

> In appropriate circumstances, appellate courts may award prevailing parties their legal expenses incurred on appeal. These awards are generally withheld when both parties have been at least partially successful. *Smith v. Smith*, 984 S.W.2d 606, 610 (Tenn. Ct. App. 1997); *Young v. Young*, 971 S.W.2d 386, 393 (Tenn. Ct. App. 1997). Decisions regarding a request for attorney's fees on appeal in a divorce case should be made using the same factors in Tenn. Code Ann. § 36-5-101[i][10] used to determine whether a spouse should receive an award for legal expenses incurred in the trial court. *Kincaid v. Kincaid*, 912 S.W.2d [140, 144 (Tenn. Ct. App. 1995)]. These awards should be viewed as spousal support. *Smith v. Smith*, 912 S.W.2d 155, 161 (Tenn. Ct. App. 1995); *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988). Thus, parties may be entitled to an additional award for their legal expenses if they demonstrate that they lack sufficient funds to pay their legal expenses or that they would be required to deplete other needed assets to do so. *Brown v. Brown*, 913 S.W.2d [163, 170 (Tenn. Ct. App. 1994)]; *Kincaid*, [] 912 S.W.2d at 144.

**Id.** (quoting *Fox v. Fox*, No. M2004-02616-COA-R3-CV, 2006 WL 2535407, at *11 (Tenn. Ct. App. Sept. 1, 2006)).

Husband suggests on appeal that he lacks sufficient funds to pay his appellate attorney fees, and the record reflects his economic disadvantage in comparison to Wife. Although both parties are similarly situated with regard to their monthly expenses and their inability to work, Wife's collective worker's compensation benefits afford her significantly more income than Husband. Again, Husband is subsisting with only a $146.00 monthly surplus. Accordingly, we find it appropriate, based upon Husband's success on appeal, Husband's need, and Wife's ability to pay, to award Husband his attorney fees on appeal.

---

[10]The factors were previously listed in section 36-5-121(d)(1).

## IV.  CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court.   We find it appropriate to award Husband his attorney fees incurred on appeal, and we remand to the trial court for a determination of such fees reasonably incurred. Costs on appeal are taxed to the appellant, Linda Haun Scarbrough, and her surety for which execution may issue, if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.