IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2001 Session

## LOIS LYNN MILLER v. JAMES EARL MILLER

**Appeal from the Circuit Court for Davidson County**
**No. 98D-1144     Muriel Robinson, Judge**

_____

### No. M2001-00501-COA-R3-CV - Filed December 28, 2001

_____

This is the second appeal to this Court of this divorce case and the appellant disputes attorney's fees awarded for wife's attorney and the division of two marital assets. On remand from this Court, the trial court held that certain assets, including an IRA and pension benefits, were marital property and divided them. The husband appeals. We affirm the trial court's classification of the husband's IRA and Textron retirement account as marital property and its division of the marital property. We also affirm the award of attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and JOHN A. TURNBULL, J., joined.

Jack Green, Brentwood, Tennessee, for the appellant, James Earl Miller.

Robert L. Jackson and Larry Hayes, Jr., Nashville, Tennessee, for the appellee, Lois Lynn Miller.

### OPINION

This appeal is the second time this dispute has been before this Court. In the original trial, the trial court set alimony in futuro in the amount of $850.00 per month until the wife's death or remarriage, awarded the wife alimony in solido of $65,000.00, and divided the parties' marital property. The husband appealed.

In the first appeal, this Court determined that two assets which had been awarded to the husband were marital property and should be equitably divided between the parties (the Lincoln Life IRA and the Textron Retirement). *Miller v. Miller*, No. M1999-00724-COA-R3-CV, 2000 WL 1231378 (Tenn. Ct. App. Aug. 31, 2000) ("*Miller v. Miller* I"). This Court remanded the case back to the trial court on August 31, 2000 to determine the value of and to make an equitable division of the assets. The original in futuro alimony amount was reduced to $500.00 per month by this Court, and the in solido award of $65,000.00 was reversed. .

In this appeal, the husband asserts that the trial judge erred by (1) awarding the wife more than the in solido alimony awarded in the original trial, (2) awarding additional alimony in futuro, and (3) in awarding the wife attorney's fees. The wife submits that no alimony was awarded by the trial court on remand. Rather, the trial court made an equitable division of the marital property, the husband's retirement plan with Textron and the Lincoln Life IRA, as directed by this Court in the first appeal of the case. The issues on appeal are whether the trial court abused its discretion in awarding the wife one-half of the Lincoln Life IRA and the Textron Retirement, in awarding attorney's fees, and in failing to reduce the alimony in futuro. We affirm the trial court.

Our previous opinion in this case was filed August 31, 2000. Much of the history of this case can be gleaned from the previous opinion of this Court. An excerpt of the opinion appears as follows:

> Lois Lynn Miller (hereinafter "Wife") filed a complaint for divorce against James Earl Miller (hereinafter "Husband") on April 8, 1998. After a non-jury trial, the trial court awarded the divorce to Wife on the grounds of inappropriate marital conduct. The final decree awarded alimony in futuro, alimony in solido, and attorney fees to Wife and classified and divided the parties' marital property. Husband has appealed, and Wife also presents issues for review.
>
> The parties were married in January of 1988. At the time of the marriage, Husband was 48 years old, and Wife was 58 years old. The marriage lasted 11 years. There were no children of the marriage. After about three years, the marriage began to deteriorate, but the parties continued to live together. The parties did not acquire title or interest to real property but lived in an apartment that had been occupied by Husband before the marriage. Husband's total income during the marriage was $363,086.00. Wife's total income during the marriage was $214,867.00. Throughout the marriage, Husband paid the rent and utilities. Wife purchased all of their groceries and cleaning supplies, as well her own clothes, car, and gasoline.
>
> Wife filed for divorce alleging inappropriate marital conduct on the part of Husband and irreconcilable differences. A trial was held on September 20, 1999. At the time of trial, Husband was 60 years old, and Wife was 70 years old. Wife testified that she worked throughout the marriage until 1998, when she applied for and was granted social security benefits in the amount of $963.00 per month and medicare coverage. Wife testified to monthly expenses of $1,432.00.
>
> Husband testified that during the marriage, he worked for Avco, which was subsequently known as Textron, and then Aerostructures. Prior to the marriage, Husband had retirement funds and stocks in mutual funds. Husband testified that Wife signed a waiver making Husband's children the beneficiaries of a Lincoln Life account. Husband further stated that all accounts were established prior to the marriage and that neither party contributed to accounts during the marriage. The accounts included a Heritage Federal Credit Union Account, a CD with J.C. Bradford, a CD with Heritage Federal, two Lincoln Life IRAs, and a Textron pension fund.

At the close of proof, the court stated from the bench that the demise of the marriage after 2 ½ years was the fault of both parties, but that they chose to continue to live together and "be basically miserable for 8 years." The court found that during the marriage the parties chose to keep their finances separate, maintaining separate checking accounts, paying separate bills, and keeping separate retirements and 401(K) accounts. The court noted, however, that Wife paid for their shared groceries in addition to her own expenses, allowing the Husband to "compile a sizeable estate." The court found that although Wife made no monetary contributions, she maintained the marital home for 11 years. The trial court noted that Wife is 10 years older than the Husband, is retired, is on a fixed income, and has health problems.

A final decree granting Wife a divorce was entered on September 29, 1999.

. . . .

Wife was awarded alimony in futuro of $850.00 per month until death or remarriage and alimony in solido of $65,000.00. She was also awarded $4,500.00 in attorney fees.

. . . .

In summary, the trial court's final decree is modified to award alimony in futuro of $500.00 per month. The trial court's award of $65,000.00 as alimony in solido is reversed, and the case is remanded to the trial court for a determination of the value of Husband's retirement plan with Textron and the value of the Lincoln Life IRA rolled over from a 401(K) plan. The court should then make an equitable division thereof. The decree of the trial court in all other respects is affirmed. Each party will pay their own attorney fees on appeal, and costs of the appeal are assessed equally to the parties, Lois Lynn Miller and James Earl Miller.

On remand, the trial court held:

Upon the remand from the Court of Appeals, testimony of the parties, statements of counsel, and from the entire record herein, the Court finds that the current value of Mr. Miller's Lincoln Life IRA, account no. 96-9148992 is $163,161.00 and that said account is marital property of which Ms. Miller is entitled to an equitable division. The Court further finds that Mr. Miller has a total pension benefit from his former employer in the amount of $1,226.34 per month, of which $475.68 per month was accumulated during the marriage and constitutes marital property of which Ms. Miller is entitled to a equitable division.

The Court further finds that with regard to the division of the other marital assets set forth in this Court's Final Decree (which does not include the above-described Lincoln Life IRA or pension benefit), the parties have agreed that in lieu of dividing each marital asset equally as set forth in said Decree, each party would keep the marital assets in their own name and one party would pay the other a sum certain to equalize the division. The Court accepts the parties' agreement and finds that Ms. Miller should pay Mr. Miller the sum of $13,998.25 to equalize the

division of the marital assets other than the Lincoln Life IRA and the pension benefit described above.

The Court further finds that the parties have agreed that Mr. Miller overpaid his alimony obligations in the month of September, 2000 and that he is entitled to a credit in the amount of $350.00 for said overpayment.

With regard to Mr. Miller's Petition to Reduce Alimony, the Court finds that there has not been a substantial and material change of circumstances which should justify modification of Mr. Miller's alimony obligations and his Petition in this regard is therefore denied.

. . . .

Ms. Miller is awarded a judgment against Mr. Miller in the amount of $2,572.25 for her attorneys' fees incurred in this matter.

The husband appeals the judgment of the trial court. Our review is de novo and the record before us is accompanied by a presumption of correctness unless we find that the evidence preponderates against the trial court's findings of fact. Tenn. R. App. P. 13(d); see also *Watters v. Watters*, 959 S.W.2d 585, 588 (Tenn. Ct. App. 1997). The question of whether there has been a sufficient showing of a substantial and material change in circumstances is in the sound discretion of the trial court. *Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999).

The husband first challenges the award of what he refers to as alimony in solido and argues that the trial court erred in awarding more than the in solido alimony awarded in the original trial of the case failing to take into consideration the duration of the marriage, need of the wife, and non-marital assets of the husband.

On the first appeal, this Court reversed the in solido award and determined that the Lincoln Life IRA and the Textron retirement plan constitute marital property. We address first the trial court's division of the Lincoln Life IRA. When dividing property in a divorce, the trial court must first classify property as marital or separate then divide the marital property equitably. See *Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). In the first appeal, this Court determined the two assets were marital property.

The prior opinion of this Court in this case issued August 31, 2000 held the Lincoln Life IRA and a portion of the Textron retirement plan to be marital property. Such holdings are the law of the case and not open to further question. *Memphis Publishing Co. v. Tennessee Petroleum*, 975 S.W.2d 303 (Tenn. 1998).

The funds in the IRA included contributions made by the husband from his salary during the period of the marriage from 1988 through 1996. Information from the husband's financial advisor established that the value of the IRA was $163,161.00. The trial court awarded the wife one-half of the value. Upon our review of the record, we do not think that the evidence preponderates against the trial judge's division of the marital property. We affirm the trial court but remand once again to the trial court to determine the present value of this marital asset and make a division thereof.

Next, we address the trial court's award of one-half of the $475.68 Textron pension benefits accumulated during the marriage. The husband receives a premarital pension payment in the amount of $750.66 and a pension payment which was accumulated during the marriage in the amount of $475.68. The trial court determined the value of the portion of the pension benefit constituting a marital asset and made a proper division thereof.

Next, Husband alleged a substantial and material change of circumstances on remand based upon his retirement. The trial court specifically found that there was not a substantial and material change of circumstances which would justify modification of the husband's alimony obligations. Recently, the Supreme Court addressed the issue of whether an obligor's retirement constitutes a substantial and material change in circumstances so as to permit modification of a spousal support obligation in *Bogan v. Bogan*, 2001 WL 1386102 (Tenn. Nov. 8, 2001). In *Bogan*, the court found that "an objectively reasonable retirement, taken in good faith and without intent to defeat the support obligation, does constitute a substantial and material change in circumstances so that a modification of support obligations may be considered." *Id.* at *2.

It is well settled that spousal support awards may not be modified unless the court finds a substantial and material change in circumstances has occurred since the entry of the support decree. Tenn. Code Ann. §36-5-101 (a)(1) (Supp. 2000). The court stated in *Bogan* that "an obligor cannot merely utter the word 'retirement' and expect an automatic finding of a substantial and material change in circumstances." *Bogan*, 2001 WL 1386102 at *4. The two most important considerations in modifying a support award are the financial ability of the obligor and the financial need of the party receiving support, both given equal consideration. *Id.* at *5. We affirm the trial court.

Finally, the husband asserts that the trial court erred in awarding the wife attorney's fees.

> In the context of a divorce proceeding, attorney fee awards are considered as alimony in solido. See *Herrera v. Herrera*, 944 S.W.2d 379, 390 (Tenn. Ct. App.1996). In making an alimony award, a court must consider a number of factors, including the relative earning capacity, obligations, needs and financial resources of the parties. See Tenn. Code Ann. § 36-5-101(d)(1)(A)- (L) (Supp. 1999) (listing the factors a court must consider). "The need of the spouse receiving the support is the single most important factor." *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App.1999). The obligor spouse's ability to pay is also an important consideration. See *Hazard v. Hazard*, 833 S.W.2d 911, 917 (Tenn. Ct. App.1991). Because support decisions are factually driven and involve considering and balancing numerous factors, appellate courts give wide latitude to the trial court's discretion. See *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. Ct. App.1989).

*Lassiter v. Lassiter*, No. M1999-00374-COA-R3-CV, 2000 WL 1425235, *2 (Tenn .Ct. App. Sept. 28, 2000)

The trial court awarded attorney's fees to the wife to be paid by the husband. Although "[t]he decision to award attorney's fees to a party in a divorce proceeding is within the sound discretion of the trial court and will not be disturbed upon appeal unless the evidence preponderates against such a decision." *Storey v. Storey*, 835 S.W.2d 593 (Tenn. Ct. App.1992). We affirm the trial court's award of attorney's fees to the wife.

The judgment of the trial court is affirmed. Remand this cause to the trial court for further proceedings consistent with this opinion. Tax costs on appeal to appellant.

_____
WILLIAM B. CAIN, JUDGE