# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 27, 2012 Session

## THERESA GREEN v. WILLIAM PHILLIP GREEN

**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVDV09240     Ross H. Hicks, Judge**

---

**No. M2011-00840-COA-R3-CV - Filed June 25, 2012**

---

Wife appeals the final decree of divorce, asserting that the trial court erred in failing to make findings as to what property constituted separate property and what constituted marital property; Wife also appeals the amount of alimony awarded to her. We conclude that the trial court erred in failing to classify the property and, accordingly, vacate the division of marital property and remand the case for the court to classify the parties' property and debt and to modify the division of marital property if necessary. We affirm the trial court's holding that an award of alimony to Wife is appropriate, but vacate the award of alimony *in futuro* and remand for the court to reconsider the nature and amount of alimony.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

John E. Herbison, Clarksville, Tennessee, for the Appellant, Theresa Green.

Donald Capparella and Amy J. Farrar, Nashville, Tennessee, for the Appellee, William Phillip Green.

## OPINION

Theresa Green ("Wife") and William Phillip Green ("Husband") were married in August 1997. At the time of the marriage, Husband had worked as a dentist for approximately thirty years and was practicing in Clarksville, Tennessee; Wife was a registered nurse. There were no children born of the marriage.

In 2009, Wife filed a verified complaint for divorce, alleging irreconcilable differences and Husband's inappropriate marital conduct. Husband answered and denied

wrongdoing; he filed a counter complaint for divorce, also alleging irreconcilable differences and Wife's inappropriate marital conduct. Wife answered and denied wrongdoing.

During the pendency of the divorce, Wife filed a motion seeking temporary alimony; the court granted the motion and ordered Husband to pay $2,000 per month and to provide insurance coverage for the marital residence and automobiles.

The trial was held on March 7, 2011. On March 23 the court entered a final decree of divorce. The court did not make findings as to what property was separate and what property was marital and, except for Husband's business and the parties' stock, the court did not place a value on the remaining property. The court proceeded to divide the party's assets and debt.

The court awarded Wife: (1) alimony *in futuro* in the amount of $1,100 beginning April 1, 2011; (2) 20% of the parties' Southern Company stock;[1] (3) $125,000 for her interest in Husband's dental practice, which the court valued at $250,000; (4) three lots of real property in St. Louis, Missouri; (5) a rental property on Winesap Road in Clarksville; (6) all assets of her business known as "Hattitude"; (7) her "Edward Jones Securities"; (8) a 2002 Jaguar automobile; (9) a 2006 Ford van; (10) a house and its contents located on Honeysuckle Lane in Clarksville; and (11) $8,000.00 in attorney fees.

The court awarded Husband: (1) a house, its contents, and three lots of real property located on Cumberland Drive in Cadiz, Kentucky; (2) real property and a church located on Providence Blvd. in Clarksville; (3) a 2006 Lincoln truck; (4) a 1992 Suzuki motorcycle; (5) a 2005 Ford SUV; (6) a Polaris ATV; (7) a pontoon boat; (8) a New Holland tractor; and (9) "all contents" located at 1573 Ft. Campbell Blvd in Clarksville. The court ordered that Husband be responsible for the indebtedness on the property awarded to him, including the $110,000 indebtedness on real property known as the "Jamboree property";[2] the court ordered Husband to pay Wife $15,000 which the court found to be the difference between the indebtedness on the Jamboree property and Wife's portion of the dental practice.

Wife appeals, asserting that the case should be remanded to the trial court because it did not make an initial determination as to what constitutes marital and separate property.

---

[1] Initially, the trial court awarded Wife "$40,000.00 or 40%, whichever is greater" of the stock. On July 13, on Husband's motion, the trial court entered an Amended Final Divorce Decree modifying Wife's award to 20% of the stock and awarding Husband 80%.

[2] The only address for this property in the Final Decree was "in Kentucky" and we assume that this indebtedness encumbers the property on Cumberland Drive in Cadiz, Kentucky.

She also contends that the court erred in declining to award the full amount of alimony *in futuro* that she requested.

Husband asserts that, since Wife failed to include the table in her brief required by Rule 7 of the Rules of the Court of Appeals of Tennessee, she has waived all issues relating to the valuation and division of marital property. He also contends that Wife is not entitled to alimony *in futuro* under the Tennessee Supreme Court's recent decision in *Gonsewski v. Gonsewki*, 350 S.W.3d 99 (Tenn. 2011).

DISCUSSION

We review the trial court's findings of fact *de novo*, presuming that the trial court's factual determinations are correct unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d); *see also Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). The trial court's conclusions of law, however, are accorded no presumption of correctness. *Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007).

*I. Division of the Marital Estate*

At the outset, we address Wife's failure to file a property classification and division table in accordance with Rule 7 of the Rules of the Court of Appeals of Tennessee. Husband urges this Court to hold that Wife has waived all issues regarding classification of the property because she did not comply with Rule 7.[3]

The purpose of Rule 7 was aptly stated by this Court in *Harden v. Harden*, M2009-01302-COA-R3-CV, 2010 WL 2612688 (Tenn. Ct. App. June 30, 2010):

---

[3] Rule 7 provides in relevant part:

(a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

Valuation and division of property are perhaps two of the most complicated decisions a trial court must make in a divorce proceeding. Often when these issues are appealed, the record consists of volumes of trial transcripts and exhibits. Therefore, it is essential that the parties comply with Rule 7 in order to aid this Court in reviewing the trial court's decision. The table required by Rule 7, allows this Court to easily and correctly determine the valuation and distribution of the marital estate as ordered by the trial court. Further, the Rule 7 table, allows this Court to ascertain the contentions of each party as to the correct valuations and proper distribution, as well as the evidence in the record which the party believes supports its contention.

*Id.* at *8. There is authority to support a holding that Wife has waived this issue on appeal. *See, e.g.*, *Harden* 2010 WL 2612688, at *8; *see also Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). However, there is also ample authority for this Court to consider the trial court's division of property despite Wife's failure to include a Rule 7 table in her brief. *See, e.g.*, *Dilley v. Dilley*, M2009-02585-COA-R3CV, 2011 WL 2015395 (Tenn. Ct. App. May 23, 2011); *Wells v. Wells*, W2009-01600-COA-R3-CV, 2010 WL 891885 (Tenn. Ct. App. Mar. 15, 2010); *Collins v. Collins*, W2008-02660-COA-R3-CV, 2009 WL 3103821 (Tenn. Ct. App. Sept. 29, 2009).

In this case, the trial court did not classify the parties' property and debt before dividing it; consequently, a Rule 7 table would be of limited use in our resolution of the issues in this appeal. To the extent that there was evidence indicating whether certain property was marital or separate, Wife has identified that evidence in her brief with appropriate citations to the record. In light of our preference that cases be decided on their merits, we proceed with our review despite Wife's failure to comply with Rule 7. Our holding on this issue should not be construed as setting forth a general rule that a party may be routinely excused from including a Rule 7 table.[4]

Questions concerning the classification and valuation of marital or separate property are inherently factual. *Owens v. Owens*, 241 S.W.3d 478, 485 (Tenn. Ct. App. 2007); *Edwards v. Edwards*, 501 S.W.2d 283, 288 (Tenn. Ct. App. 1973). The court's decision regarding the division of assets is not a mechanical process, and trial courts are afforded considerable discretion in distributing the marital estate. *Keyt*, 244 S.W.3d at 328. Accordingly, we review the trial court's division of property under the abuse of discretion standard, and reverse the court's decision only when it applies an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the

___

[4] "While in this case we chose to proceed with our review despite the fact that the parties chose not to abide by the rules of this Court, we cannot say we will be so accommodating and choose to do the same in the future." *Wells* 2010 WL 891885, at *4.

evidence, or relies on reasoning that causes an injustice. *Gonsewski*, 350 S.W.3d at 105. Generally, reviewing courts will not overturn a trial court's division of marital property unless the division "lacks proper evidentiary support or results from some error of law or misapplication of statutory requirements and procedures." *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996) (citing *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994)).

The division of the marital estate begins with the classification of property as separate or marital. *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001). Our divorce statutes draw a distinction between marital and separate property,[5] and because Tenn. Code Ann. § 36-4-121(a) provides that a court may only divide marital property, proper classification of a couple's property is essential. *Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). It is also necessary for a trial court to classify the property because the value of a party's separate property is a factor to be considered in making an equitable division of marital property. Tenn. Code Ann. § 36-4-121(c)(6). Accordingly, it is incumbent on the trial court to classify the property and to give each party their separate property before dividing the marital estate. *Batson*, 769 S.W.2d at 856.

---

[5] Tenn. Code Ann. § 36-4-121(b)(1) defines "marital property" as:

[A]ll real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date. In the case of a complaint for legal separation, the court may make a final disposition of the marital property either at the time of entering an order of legal separation or at the time of entering a final divorce decree, if any. If the marital property is divided as part of the order of legal separation, any property acquired by a spouse thereafter is deemed separate property of that spouse.

Tenn. Code Ann. § 36–4–121(b)(2) defines "separate property" as:

All real and personal property owned by a spouse before marriage . . . ; (B) Property acquired in exchange for property acquired before the marriage; (C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1); (D) Property acquired by a spouse at any time by gift, bequest, devise or descent; (E) Pain and suffering awards, victim of crime compensation awards, future medical expenses, and future lost wages; and (F) Property acquired by a spouse after an order of legal separation where the court has made a final disposition of property.

In her brief on appeal, Wife cites to testimony which indicates that certain property awarded by the court—such as the real property located in St. Louis, Missouri, an Edward Jones account, and a portion of the Southern Company stock—was owned by Wife before the marriage. The testimony also indicates that most or all of the remaining real and personal property was purchased during the marriage and, presumably, would be considered marital assets. However, the trial court did not classify any of the property as marital or separate, and it is not the purview of this Court to make those findings. *Nicholson v. Nicholson*, M2010-00042-COA-R3-CV, 2010 WL 4065605, at *7 (Tenn. Ct. App. Oct. 15, 2010). Classification of property is a threshold determination that must be made before property is divided, and because separate property would not be considered part of the marital estate subject to equitable division, the court erred in failing to classify the property. Consequently, we remand the case for the trial court to classify the parties' property and debt as either marital or separate and to modify the division of marital property if necessary, considering the factors set forth in Tenn. Code Ann. § 36-4-121(c).

*II. Alimony*

In determining whether to award spousal support and, if so, the nature, amount, length, and manner of payment, courts consider the factors in Tenn. Code Ann.§ 36-5-121(i). Although each of the factors must be considered when relevant to the parties' circumstances, "the two that are considered the most important are the disadvantaged spouse's need and the obligor spouse's ability to pay." *Robertson v. Robertson*, 76 S.W.3d 337, 342 (Tenn. 2002). Careful adherence to the statutory framework, both in terms of awarding the correct type of support and for an appropriate amount and time, fulfills not only the statutory directives but also alimony's fundamental purpose of eliminating spousal dependency where possible. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 110 (Tenn. 2011).

The statutory framework for spousal support reflects a legislative preference for short-term spousal support over long-term spousal support, with the aim being to rehabilitate a spouse who is economically disadvantaged relative to the other spouse and to achieve self-sufficiency where possible. *See* Tenn. Code Ann § 36-5-121(d)(2)–(3). While this appeal was pending, our Supreme Court reiterated the statutory preference for short-term alimony in *Gonsewski v. Gonsewski*, 350 S.W.3d 99 (Tenn. 2011). The Court stated that "there is a statutory bias toward awarding transitional or rehabilitative alimony over alimony in solido or in futuro," and held that "alimony in futuro should be awarded only when the court finds that economic rehabilitation is not feasible and long-term support is necessary." *Id.* at 109.

In the instant case, the trial court held that alimony was appropriate because Wife had a need for alimony and Husband had the ability to pay. These findings have not been challenged by either party on appeal; accordingly, we affirm the trial court's determination

that an award of alimony was appropriate. However, we are unable to affirm the nature or amount of alimony awarded by the trial court. The trial court did not find that economic rehabilitation was not feasible or that long-term support was necessary, as required by *Gonsewski*. Further, trial courts are directed to consider the parties' separate property and the provisions made with regard to the marital property when determining whether alimony is appropriate. Tenn. Code Ann. § 36-5-121(i)(7), (8).[6]

Because the trial court did not classify the property before dividing it and did not make the findings required by *Gonsewski*, we are unable to conclude that the trial court's award of alimony *in futuro* to Wife was appropriate. Although we affirm the court's finding that an award of alimony was appropriate, we vacate the award of alimony *in futuro* and remand for the trial court to reconsider the nature and amount of alimony to be awarded to Wife. In determining the nature and amount of alimony, the court is directed to give consideration to the factors listed at Tenn. Code Ann. § 36-5-121(i) and the statutory preference for short-term alimony as articulated by our Supreme Court in *Gonsewski*.

CONCLUSION

For the aforementioned reasons, the case is remanded for the trial court to classify the parties' property and debt as either marital or separate and to modify the division of marital property if necessary. We affirm the court's holding that an award of alimony was appropriate but vacate the award of alimony *in futuro* and remand for the trial court to reconsider the nature and amount of alimony to be awarded to Wife.

_____
RICHARD H. DINKINS, JUDGE

---

[6] Tenn. Code Ann. § 36-5-121(i)(7) and (8) state:

(i) In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:
* * *
(7) The separate assets of each party, both real and personal, tangible and intangible;
(8) The provisions made with regard to the marital property, as defined in § 36-4-121;
* * *