# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### June 4, 2013 Session

# LILLIE FRANCHIE HUDDLESTON v. ROBERT LEE HUDDLESTON

**Appeal from the Chancery Court for Putnam County**
**No. 2010203    Ronald Thurman, Chancellor**

---

**No. M2012-00851-COA-R3-CV - Filed July 30, 2013**

---

In this divorce action, Husband appeals the trial court's classification of property, specifically the appreciation in value of farm property he owned in his own name prior to the marriage as marital property and of a life insurance policy owned by Wife as her separate property. Finding that the court erred in its classification of the increase in value of the farm property, we reverse the judgment in part and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

William A. Cameron, Cookeville, Tennessee, for the appellant, Robert Lee Huddleston.

Scott L. Lytal, Crossville, Tennessee, for the appellee, Lellie Franchie Huddleston.

## OPINION

Robert Lee Huddleston ("Husband") and Lellie Franchie Huddleston ("Wife") were married in 1969; it was the second marriage for both. Each brought some real property into the marriage–Husband a farm in Putnam County and Wife a house in Cookeville. Husband had acquired the farm in pieces over a number of years; the last piece was deeded to him by his father in 1972. Wife moved to the farm when the parties married and she resided there until they separated in 2010. During the marriage they bought a vacant lot next to the house in Cookeville; while they were married, Husband quitclaimed his interest in the house and the lot to Wife, who subsequently conveyed the house and lot to her sons while retaining a life estate. Wife later relinquished her life estate and the sons sold the property, using the proceeds to purchase a life insurance policy covering Wife.

Wife filed a complaint for divorce on June 2, 2010 on the grounds of irreconcilable differences and inappropriate marital conduct. Husband filed a timely answer and counter-complaint for divorce, asserting irreconcilable differences, inappropriate marital conduct and cruel and inhuman treatment as grounds. Mediation was not successful and the case proceeded to trial on February 22, 2012.

The court entered its Final Decree on March 19, granting Husband an absolute divorce, classifying the parties' property and dividing the marital property. With respect to the farm property, which fronted on Lancaster Road and was bisected by Dow Huddleston Road, the court awarded Wife the portion of the property located on the east side of Dow Huddleston Road and awarded Husband the property on the west side of the road. The court also determined that a life insurance policy covering Wife was her separate property.

Husband appeals the classification of the increase in value of the farm as marital property and the award of a portion of it to Wife, and the classification of the life insurance policy as Wife's separate property.

**DISCUSSION**

**I. THE FARM PROPERTY**

The division of the parties' marital estate begins with the classification of the property as separate or marital. *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001). This is because Tennessee is a "dual property" state, referring to the distinction between "marital property" and a spouse's "separate property," *see Smith v. Smith*, 93 S.W.3d 871, 875-76 (Tenn. Ct. App. 2002); thus, a spouse's separate property cannot be included in the marital estate. Property classification is a question of fact. *Mitts v. Mitts*, 39 S.W.3d 142, 144-45 (Tenn. Ct. App. 2000). Thus, we review the trial court's classification using the familiar standard of review in Tenn. R. App. P. 13(d).

The trial court held that "the appreciation of the value of the farm located at 998 Lancaster Road in Putnam County is marital property because Lellie Franchie Huddleston contributed to the appreciation during the marriage." Husband argues that the facts do not show that Wife made a substantial and significant contribution to the increase in value and that the increase in value was due to "appreciation from inflation and increase in value [that] every other piece of property in rural Putnam County, Tennessee, experienced."

The definitions of marital and separate property, as pertinent to the issues in this appeal, are set out at Tenn. Code Ann. § 36-4-121, as follows:

(b)(1)(A) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, . . .

(B) "Marital property" includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation, . . .

\* \* \*

(D) As used in this subsection (b), "substantial contribution" may include, but not be limited to, the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine.

Tenn. Code Ann. § 36-4-121(b)(1)(A), (B) and (D).

(2) "Separate property" means:
(A) All real and personal property owned by a spouse before marriage, . . .
\* \* \*
(C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1);
(D) Property acquired by a spouse at any time by gift, bequest, devise or descent; . . .

Tenn. Code Ann. § 36-4-121(b)(2)(A), (C) and (D).

The farm property was composed of four parcels, all of which were deeded to Husband; Husband acquired three of the lots prior to the marriage and the fourth was deeded to him by his father during the marriage. David Roberson, a real estate appraiser in Putnam County, testified as an expert witness. Mr. Roberson testified that the value in December 1969 of the three tracts was $42,500.00 and the value of the same tracts as of January 10, 2012, one month prior to the trial, was $300,000.00; Mr. Roberson testified that the value of the tract Husband received after the marriage was $74,000.00 as of January 10, 2012. He concluded that the increase in value of the four tracts over the period of the marriage was $331,500.00.[1] The issue presented is whether the court erred in concluding that Wife made a substantial contribution to the increase in value of Husband's separate property and,

_____

[1] Husband does not contest Mr. Roberson's opinions of value.

pursuant to that determination, awarding Wife the tract acquired by Husband in 1972 as its division of the marital property.[2]

The court in *McFarland v. McFarland*, No. M2005-01260-COA-R3-CV, 2007 WL 2254576 (Tenn. Ct. App. Aug. 6, 2007), a case analogous to that at bar, considered whether the evidence supported the trial court's determination that the wife's efforts did not substantially contribute to the increase in value of the husband's separate property. The wife argued that the trial court had misapplied Tenn. Code Ann. § 36-4-121(b)(1)(B) when it concluded that her activities did not constitute substantial contributions to the increase in value.[3] On review, this court stated that the standard to be employed in applying Tenn. Code Ann. § 36-4-121(b)(1)(B) is the following:

> Increases in the value of separate property during a marriage will not be considered to be marital property unless the parties "substantially contributed" to the appreciation in the value of the property. Tenn. Code Ann. § 36-4-121(b)(1)(B). While these contributions may be either "direct" or "indirect," Tenn. Code Ann. § 36-4-121(b)(1)(D), they must satisfy two requirements. First, the contributions must be "real and significant." Second, there must be some link between the spouses' contributions and the appreciation in the value of the separate property.

> When separate property increases in value with no contribution from either spouse, that increase remains the separate property of the spouse who owns the property, no matter how great the other spouse's contribution to the marriage may have been. Thus, when a spouse is asserting that his or her indirect contributions resulted in the appreciation of the other spouse's property, the pivotal inquiry is whether there was an appreciation in the value of the separate property due to the efforts of the spouse who owned it which were aided or facilitated in some way by the indirect contributions of the other spouse.

---

[2] While there is no issue that the three lots which Husband owned prior to the marriage were his separate property, he contends that the lot he acquired after the marriage from his father was also his separate property, because it was acquired "'by gift, bequest, devise or descent' from the old family farm." While the deed does show that Husband acquired title to the property from his father, there is no indication from the deed or testimony that Husband acquired this property under circumstances which would make it his separate property pursuant to Tenn. Code Ann. § 36-4-121(b)(2)(D); consequently, the lot acquired in 1972 is marital property.

[3] Testimony at trial was that the farm property increased in value from $500,000 in 1990 to $1,100,000 by 2004 and that the increase in value was driven by real estate market forces.

*McFarland*, 2007 WL 2254576 at *6-7 (internal citations omitted).

In the present case the court determined that Wife "contributed to the appreciation [of the farm property] during the marriage." The basis of the court's holding was the following testimony of Wife:[4]

> [S]he worked a few years during the marriage but always maintained the marital home and performed the duties of homemaker such as laundry, ironing, cleaning, cooking meals, gardening, canning and freezing food from the garden, raking leaves, planting flowers, painting rooms, making curtains, and helped with farm chores such as driving the tractor, maintaining fencing, and cutting and stripping tobacco.[5]

While the testimony supports a finding that Wife made contributions to the marriage as a homemaker, the evidence does not support a determination that her efforts contributed to the increase in the value of the property. The court made no determination as to the cause of the increase in value and there is no proof that the appreciation in value as testified to by Mr. Roberson was due to the efforts of either Husband or Wife. Consequently, the court erred in determining that the increase in value of three lots Husband owned prior to the marriage was marital property and we reverse that portion of the final order.[6]

---

[4] The was no transcript of the trial, rather Husband and Wife filed Statements of the Evidence in accord with Tenn. R. App. P. 24; the trial court entered an order approving Wife's Statement.

[5] Husband's only testimony relative to Wife's contribution was that she "did very little canning or freezing of vegetables from the garden and very little meal making."

[6]

Tennessee courts have consistently indicated that where "the appreciation is due solely to market factors and not to efforts of either spouse, the increase in value will not be considered marital property." Because the appreciation in the value of the Robin Roost farm resulted from the increased value of land for purposes of residential development and did not result from the efforts of either Mr. McFarland or Ms. McFarland, there is no basis upon which to find that Ms. McFarland substantially contributed to both the preservation and appreciation of the property.

*McFarland*, 2007 WL 2254576 at *7 (internal citations omitted). We have reviewed both of Mr. Roberson's appraisals of the three lots and see nothing in the appraisal as of January 1, 2012 that would support a finding that the increase in value from the retrospective appraisal as of December 1, 1969 was due to any efforts by either Husband or Wife.

## II. LIFE INSURANCE POLICY

The trial court rejected Husband's contention that a life insurance policy covering Wife, which was purchased with the proceeds of sale of the Cookeville home, was marital property and held that "the proceeds from the sale of the real estate previously owned by [Wife] is her separate property because [Husband] conveyed any marital interest he might have had in that real estate to [Wife] by deed." Husband argues that the record shows that the insurance policy is marital property because "it was acquired during the marriage from marital property . . . and was comingled or transmuted into a marital universal life insurance policy worth over $52,000.00."

The Statement of the Evidence recites the trial court's oral ruling relative to the life insurance policy as follows:

> The Chancellor found that the wife's real estate on Louisiana Avenue had been her separate property at the time of the marriage and then the parties bought adjoining real estate during the marriage which was marital property. Then the husband by deed conveyed his interest in both adjoining pieces of real estate to the wife and therefore both pieces of real estate became the separate property of the wife. The life insurance policy purchased from the sale of this real estate and her separate savings was thereafter the wife's separate property.

The ruling is consistent with Wife's testimony and two deeds which were introduced into evidence, one dated April 7, 1986 from Husband and Wife to Wife and the other dated April 30, 1990, from Wife and Husband to Wife's sons from her first marriage.[7]

Husband does not cite any evidence to support his contention that the policy is marital property and we have found none. To the contrary, the record supports the court's determination that Husband conveyed his interest in the Cookeville property to Wife in 1986 and then conveyed any remaining marital interest to her sons in 1990; consequently, he had no interest in the proceeds from the ultimate sale of the property, which produced the funds which purchased the policy. The court properly held that the policy is Wife's separate property.

---

[7] Wife retained a life estate in this deed.

**CONCLUSION**

For the foregoing reasons the judgment of the trial court is affirmed in part and reversed in part. The case is remanded for the court to divide the lot acquired by Husband after the marriage in accordance with Tenn. Code Ann. § 36-4-121(c).


_____
RICHARD H. DINKINS, JUDGE