IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 21, 2023 Session

## SARAH ELIZABETH PARKER v. KENTON STONE PARKER

**Appeal from the Chancery Court for Sullivan County (Bristol)**
**No. 20-CB-27358C  E.G. Moody, Chancellor**

_____

**No. E2022-00644-COA-R3-CV**

_____

In this divorce appeal, the husband challenges the trial court's classification of real estate as marital property. Following a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J.,  and KRISTI M. DAVIS, J., joined.

Harold Wayne Graves, Johnson City, Tennessee, for the appellant, Kenton Stone Parker.

Jeremy E. Harr, Kingsport, Tennessee, for the appellee, Sarah Elizabeth Parker.

**OPINION**

**I. BACKGROUND**

Sarah Elizabeth Parker ("Wife") and Kenton Stone Parker ("Husband") became a couple and began residing together in 2005; they were married on February 7, 2009. Two children were born to the marriage. The parties filed for divorce in 2020. After mediation, all issues involving the children were resolved; additionally, most of the property and debt issues were addressed. The only issues to be addressed in this appeal are what interest Wife may have in two parcels Husband acquired prior to the marriage. The trial in this matter was conducted on July 7, 2021.

## BAYWOOD DRIVE PROPERTY

While living together and prior to their marriage, the parties found and purchased, via mortgage, a home located at 469 Baywood Drive, Kingsport ("Baywood Drive Property"). Husband titled the Baywood Drive Property, purchased for the sum of $102,000, solely in his name because, at that time, Wife was unemployed and had outstanding student loan debt which made it difficult for her to obtain financing. Wife related that Husband planned to add her name to the property deed when possible. Husband asserted that he intended to keep the property separate and denied Wife's claim; he acknowledged that the couple intended to enter into the joint venture of home ownership. After purchasing the Baywood Drive Property, the parties began renovating and expanding it.

Wife testified that she contributed $20,000 to the Baywood Drive Property renovations from the sale of a house she had inherited in 2014. Additionally, Wife contributed another $20,000 that she was awarded in 2011 from a wrongful termination settlement to assist in the remodeling and improvement of the property. She claimed to have paid off approximately $20,000 of credit card debt that arose out of transactions used for the property renovations and family debt. Additionally, Wife provided receipts for checks she wrote from her personal accounts toward the renovations and improvements. Further, she testified that she paid for two heat pumps and a blower in the amount of $6,475 and for termite services. Wife also contributed "sweat equity" with her physical labor, caulking, painting, supervision of the remodeling and design work on the Baywood Drive Property. She purchased a family vehicle for $25,000 out of additional funds from her inheritance. For the duration of the marriage, Wife has been employed, including being a stay-at-home mother for a period of time.

Wife resided in the home during the marriage, and she and the children have lived there exclusively since the separation in 2019. Throughout the marriage, both Husband and Wife paid household expenses by various means and methods. As noted above, the Baywood Drive Property was encumbered with a mortgage paid with marital funds during the entire term of the marriage.

Husband testified that household and family expenses such as utilities, clothes, and groceries were sometimes charged to credit cards, and both he and Wife paid on the credit cards prior to their separation. He asserted that Wife never made a mortgage payment, paid the taxes, or used any of her money toward the house.

An appraisal conducted in 2010, just one year after the marriage, valued the home at $320,000. The couple stipulated that the Baywood Drive Property has a current value of $442,000 and a mortgage of $48,000. They agreed that Wife will have the children 70% of the time; she would like to finish raising the children in the marital residence.

BOATDOCK ROAD PROPERTY

Prior to the marriage, Husband bought a 50% interest in the property at 120 Boatdock Road ("Boatdock Road Property") with a business partner. Husband testified that the deed reflects the owners as tenants in common with sole right of survivorship. Wife related that at numerous times throughout the marriage, marital funds were used for taxes, maintenance, and upkeep for the Boatdock Road Property. She claimed that Husband paid his business partner, out of marital funds, approximately $2,000 per year for taxes and maintenance for the property, totaling approximately $25,000. Husband disputes Wife's contention.

After a full hearing, the trial court determined that Wife's contributions for the improvements to the Baywood Drive Property were substantial and greater than $100,000. The court concluded that (1) the Baywood Drive Property had been transmuted to marital property and ordered it to be sold upon the youngest child reaching eighteen years of age and graduating high school, with the equity to be divided 50/50 between the parties at that time; and (2) Wife was entitled to a judgment against Husband in the amount of $12,000, representing one-half of the amount Husband spent from marital funds during the marriage on the Boatdock Road Property. Wife is to be reimbursed one-half of the money paid for its upkeep. The Boatdock Road Property remains the separate property of Husband. Husband filed a timely appeal.

## II. ISSUES

We restate the issues presented by Husband in this appeal as follows:

A. Whether the trial court was correct in finding that the Baywood Drive Property had been transmuted to marital property, with each party having 50% ownership, and ordering that when the youngest child reaches eighteen years of age and graduates from high school, the property shall be sold and its equity be divided equally, 50/50, between the parties.

B. Whether the trial court was correct in finding that Wife was entitled to a judgment of $12,000 as remuneration for one-half of the amount of marital funds that Husband had spent towards maintaining the Boatdock Road Property during the span of their marriage.

## III. STANDARD OF REVIEW

Courts review a non-jury trial's judgment *de novo* upon the record, accompanied by a presumption of correctness as the findings of fact, unless the preponderance of the

evidence is to the contrary. Tenn. R. App. P. 13(d); *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). A trial court's conclusions of law are subject to a *de novo* review without a presumption of correctness. *Kelly*, 445 S.W.3d at 692. The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

During a divorce proceeding, the classification of whether property is either marital or separate property is a question of fact to be determined by the trial court upon consideration of all relevant circumstances. *Snodgrass v. Snodgrass*, 295 S.W.3d 240, 245 (Tenn. 2009). The trial court has broad discretion when classifying and dividing the marital estate, and its findings are entitled to great weight on appeal. *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002). Unless a trial court's decision concerning the classification or division of property is contrary to the preponderance of the evidence or is based on an error in law, courts will not interfere with the trial court's decision on appeal. *Id.*

## IV. DISCUSSION

Because separate property is not subject to division in divorce proceedings, as noted above, the division of a marital estate begins with the classification of the property as separate or marital property. *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001). Generally, marital property is "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce[.]" Tenn. Code Ann. § 36-4-121(b)(1)(A). Separate property is defined in part as "all real and personal property owned by a spouse before marriage, including, but not limited to ... property acquired by a spouse at any time by gift, bequest, devise or descent[.]" Tenn. Code Ann. § 36-4-121(b)(2)(D).

"[S]eparate property may be deemed marital by operation of law under theories of commingling or transmutation." *Snodgrass*, 295 S.W.3d at 247 (citing *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 747 (Tenn. 2002)). *Id.* Separate property becomes marital property by commingling if inextricably mingled with marital property or with the separate property of the other spouse. *Snodgrass*, 295 S.W.3d at 256. Transmutation results when separate property is used in a manner as to give evidence that it become marital property. *Id.* A rebuttable presumption that one spouse has given a gift to the marital estate arises when that spouse takes affirmative steps to change the separateness of the property owned before the marriage. *Langschmidt v. Langschmidt*, 81 S.W.3d 741 (Tenn. 2002) (citing 2

Homer H. Clark, The Law of Domestic Relations in the United States, § 16.2 at 185 (2d ed. 1987)). Thus, when separate property is transmuted into marital property, it is divisible by both spouses at divorce. *Id.* We have further recognized:

> Four of the most common factors courts use to determine whether real property has been transmuted from separate property to marital property are: (1) the use of the property as a marital residence; (2) the ongoing maintenance and management of the property by both parties; (3) placing the title to the property in joint ownership; and (4) using the credit of the non-owner spouse to improve the property.

*Luplow v. Luplow*, 450 S.W.3d 105, 114 (Tenn. Ct. App. 2014) (quoting *Fox v. Fox*, No. M2004-02616-COA-R3-CV, 2006 WL 2535407, at *5 (Tenn. Ct. App. Sept. 1, 2006)).

Title alone is not dispositive of the intent of the parties in the use of the property; "whether a particular asset is marital or separate depends on the conduct of the parties, not the record title of the asset. An asset separately owned by one spouse will be classified as marital property if the parties themselves treated it as marital property." *Fox*, 2006 WL 2535407, at *5.

Husband argues that the Baywood Drive Property was separate property purchased by him before the marriage that he intended to remain separate. He asserts that it was error for the trial court to find that the residence became marital property through the doctrines of commingling and/or transmutation. Wife contends that the trial court properly found that the Baywood Drive Property is marital property.

As we recently discussed in *Booker v. Booker*, No. E2022-01228-COA-R3-CV, 2023 WL 7016215, at *10 (Tenn. Ct. App. Oct. 24, 2023), "[T]ransmutation often occurs when a spouse purchases real property prior to the marriage and the parties then use the property as the marital residence and undertake significant improvements to the property during the marriage." *See Dover v. Dover*, No. E2019-01891-COA-R3-CV, 2020 WL 7224368, at *5 (Tenn. Ct. App. Dec. 8, 2020) (collecting cases).

In the present case, the Baywood Drive Property was used as the family residence throughout the marriage. Wife made significant contributions to the maintenance and improvements to the property. The term "substantial contribution" is defined to include, but is not limited to "the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine." Tenn. Code Ann. § 36-4-121(b)(1)(D). In the matter before us, Wife provided physical labor in the remodeling of the home. She contributed funds from her separate property of approximately $93,819 for renovations, maintenance, and improvements to the home. Additionally, Wife contributed to the

improvements and maintenance of the property by paying off credit card debt that arose out of property renovations and family expenses. Furthermore, Wife maintained the home and cared for the children. Tennessee law "does not discount the contributions made by the homemakers to property." *Richardson v. Richardson*, No. E2019-02108-COA-R3-CV, 2020 WL 7343028, at *4 (Tenn. Ct. App. Dec. 14, 2020). The state's policy is to recognize "the equal dignity and importance of the contributions to the family of the homemaker and the breadwinner." *Shackelford v. Shackelford*, No. M2018-01170-COA-R3-CV, 2019 WL 2151684, at *12 (Tenn. Ct. App. May 16, 2019); *see also* Tenn. Code Ann. § 36-4-121(c)(5)(a) (providing that contributions of the homemaker and wage earner are given the same weight in the division of property if each party fulfills their role).

Accordingly, we agree with the findings of the trial court. The parties treated the Baywood Drive Property as marital property and maintained it with marital funds. Even though the property was titled separately, the preponderance of the evidence is that Husband intended for the Baywood Drive Property to be marital property. The record supports the trial court's factual findings and application of the doctrine of transmutation.

Further, the evidence establishes that approximately $25,000 of marital funds were used toward payment of property taxes, upkeep, and maintenance to the Boatdock Road Property. Thus, the trial court's award of $12,000 to Wife for her contributions and improvements to this property must be affirmed.

In the "Conclusion" paragraph of Wife's brief, a request was made for an award of reasonable attorney fees and expenses related to this appeal. We must deem the request waived as Wife failed to include it in her statement of issues. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *Brunetz v. Brunetz*, 573 S.W.3d 173, 185-86 (Tenn. Ct. App. 2018).

## V. CONCLUSION

The evidence does not preponderate against the trial court's finding that the property at issue is marital property. Accordingly, the judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are assessed to the appellant, Kenton Stone Parker.

_____
JOHN W. MCCLARTY, JUDGE