IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 15, 2005 Session

## LINDA YVONNE BILYEU v. GLENN E. BILYEU

**Appeal from the Chancery Court for Robertson County**
No. 16564     Carol A. Catalano, Chancellor

No. M2003-00294-COA-R3-CV - Filed November 28, 2005

In this divorce action, Husband appeals the Chancery Court's denial of alimony, denial of Rule 60 post-judgment relief, and the court's classification of his workers' compensation benefits as marital property. Finding Husband's appeal without merit, we affirm the Chancery Court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and DONALD P. HARRIS, SR. J., joined.

John B. Holt, Springfield, Tennessee, for the appellant, Glenn E. Bilyeu.

Rosemary E. Phillips, Goodlettsville, Tennessee, for the appellee, Linda Yvonne Bilyeu.

**OPINION**

Linda Bilyeu, Wife, and Glenn Bilyeu, Husband, married in January of 2002, and they were married for ten years. This was the fifth marriage for Wife, and the fourth marriage for Husband,[1] and the parties had no children together.

Both parties had a high school education. Husband obtained his by completing the twelfth grade, and Wife obtained her GED. During the marriage, both Husband and Wife were employed by Sherwin Williams. Wife worked as the manager of the carpet section, and Husband worked as manager of the paint section. Both were successful in their managerial positions. Wife obtained enough experience in the carpet business that in 1998, she, with the support of Husband, was successful in beginning her own carpet business, Absolute Carpets.

In addition to his managerial skills, Husband was also skilled at woodworking. He pursued his woodworking from a tool shop located on the parties' marital property. The parties had a small

---

[1]The Final Decree indicates this was Husband's fifth marriage as does the Complaint for divorce, but Husband's Answer stated this was his fourth marriage.

log cabin on their property, which was originally used as Husband's tool shop. The parties added onto the cabin, and Wife used the downstairs portion as a doll shop. They also added a small metal building, which Husband used as a tool shop to make furniture for the parties' home and to make gifts.

Husband's source of income was his managerial position at Sherwin Williams where he worked for approximately 27 years. In May of 1998, Husband began experiencing breathing problems. He learned that he had developed a respiratory condition, referred to as occupational-induced asthma. He brought a workers' compensation action against Sherwin Williams alleging that this was caused by his job, which included regular exposure to paint tinting chemicals. The court in the workers' compensation action found that Husband suffered from occupational-induced asthma due to exposure to these paint tinting chemicals at Sherwin Williams. The court found a 25% impairment to the body as a whole and a vocational disability of 75% and awarded Husband a lump sum benefit of $141,642.10.

Husband's years of working at Sherwin Williams also entitled him to a pension of $900 per month set to begin in November of 2005. Since ending his employment at Sherwin Williams due to the respiratory impairment in 1998, Husband has not sought employment because he fears no one would hire him given his respiratory condition. He intends to live off of the pension, the workers' compensation award, and the alimony he has requested of Wife.

Wife filed for divorce in January of 2002, citing irreconcilable differences and inappropriate marital conduct as grounds for the divorce. Husband and Wife agreed to certain stipulations regarding their assets, and they made proposals for how the marital assets should be divided. The parties further stipulated the value of the marital residence to be $180,000. They also stipulated that Wife's interest in thirty acres in Sumner County was Wife's separate property. The property had been deeded to Wife and her sister by their parents.

The divorce hearing took place on September 19, 2002. The Chancellor held that the marital residence, Absolute Carpets, the buildings on their property, the tools within that building, a portion of Husband's pension, and all of Husband's workers' compensation award were marital property. The Chancellor accepted the parties' stipulation that the value of the marital residence was $180,000 and assigned a value of $201,744.00 to Absolute Carpets.

The Chancellor divided the marital assets as follows: the business, Absolute Carpets, was awarded to Wife, but she was ordered to pay the value of one-half of the business, $100,872.00, to Husband. The Chancellor awarded the marital residence to Wife, along with the log cabin and metal building located on that property. The court placed a value of $20,000 on the log cabin and metal shed and a value of $20,000 on the tools in the shop. The tools within the tool shed were awarded to Husband.

Husband's pension was determined to be part separate property and part marital property. The parties were married for part of the time Husband earned his pension. Thus, the Chancellor

determined that only the portion of the pension Husband earned during the marriage should be classified as marital property. Husband earned the pension over a period of 324 months of which the parties were married 120 months. The court calculated the portion of the pension earned during the marriage, based on months, and determined that 37% of the pension was earned during the marriage. The Chancellor then classified that portion of the pension and awarded all of the pension to Husband. The Chancellor classified all of the workers' compensation award as marital property and awarded it to Husband. The total value of assets the Chancellor classified as marital property was $605,344.10. Wife was awarded $300,872, and Husband was awarded $304,472.10 of the marital assets.

Following the divorce hearing, Husband filed a motion pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure seeking to be relieved from the final judgment on the basis Wife had perpetrated a fraud on him. He alleged Wife lied during her deposition about the thirty acres in Sumner County.[2] He claimed she testified that she did not own the property, only that she had a future interest in the property when her parents died. The Chancellor held that Wife had not misrepresented her interest in the property and denied the motion.

Husband appeals contending the Chancery Court erred in denying him alimony, classifying his workers' compensation proceeds as marital property, and denying Husband's Rule 60 motion.

## ALIMONY

There are no hard and fast rules for spousal support decisions. *Anderton v. Anderton*, 988 S.W.2d 675, 682-683 (Tenn. Ct. App. 1998); *Crain v. Crain*, 925 S.W.2d 232, 233 (Tenn. Ct. App. 1996). Alimony decisions require a careful balancing of the factors in Tenn. Code Ann. § 36-5-101(d)(1) and typically hinge on the unique facts and circumstances of the case. *See Anderton*, 988 S.W.2d at 683; *see also Hawkins v. Hawkins*, 883 S.W.2d 622, 625 (Tenn. Ct. App. 1994). The two most important factors are the need of the disadvantaged spouse and the obligor's ability to pay. *Varley v. Varley*, 934 S.W.2d 659, 668 (Tenn. Ct. App. 1996).

Trial courts have broad discretion to determine whether spousal support is needed and, if so, the nature, amount, and duration of support. *See Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996). Therefore, appellate courts are disinclined to second-guess a trial court's decision regarding spousal support unless it is not supported by the evidence or is contrary to public policy. *Brown v. Brown*, 913 S.W.2d 163, 169 (Tenn. Ct. App. 1994).

Husband requested alimony *in solido* in the amount of $120,000.00 "just to help [him] survive or until [he] retire[s]." He contends he is disabled and cannot find employment. The sole basis of his disability contention is his occupational-induced asthma. Husband contended he had

---

[2]Husband also alleged in the Rule 60.02 motion that Wife misrepresented the value of Absolute Carpets during her testimony in the divorce hearing. The Chancellor found Wife did not misrepresent the value of the business and denied the motion. Husband did not appeal that ruling.

been unable to obtain employment since leaving Sherwin Williams; however, the Chancellor found this contention to be without merit because Husband had not sought employment anywhere other than Sherwin Williams. The Chancellor acknowledged Husband's disability but noted the disability was limited to working around certain types of fumes, chemicals, and paints. The Chancellor also found that Husband had managerial and other employable skills suitable for employment in other trades that would not adversely affect his respiratory problems. The Chancellor concluded that Husband had not attempted to seek employment, and he possessed education and skills suitable for employment. For these reasons, the Chancellor denied Husband's request for alimony.

The evidence in the record does not preponderate against the Chancellor's findings. We therefore affirm the Chancellor's decision to deny alimony.

### WORKERS' COMPENSATION AWARD

In 2002, prior to the divorce, Husband received a lump sum workers' compensation award of $141,642.10. The Chancellor classified the workers' compensation award as marital property. Husband appeals this classification contending at least a portion of the award should have been classified as Husband's separate property.

The division of the parties' marital estate begins with the classification of the property as separate or marital property. *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001). Tennessee is a "dual property" state, *Smith v. Smith*, 93 S.W.3d 871, 875-76 (Tenn. Ct. App. 2002), thus, it cannot be included in the marital estate unless it is "marital property." The definition of that term is found in Tenn. Code Ann. § 36-4-121(b)(1)(A). "Separate property," as that term is defined in Tenn. Code Ann. § 36-4-121(b)(2), is not marital property. Therefore, separate property should not be included in the marital estate. *Woods v. Woods*, No. M2002-01736-COA-R3-CV, 2005 WL 1651787, at *3 (Tenn. Ct. App. July 12, 2005). Property classification is a question of fact. *Mitts v. Mitts*, 39 S.W.3d 142, 144-45 (Tenn. Ct. App. 2000). Thus, we review the trial court's classification using the familiar standard of review in Tenn. R. App. P. 13(d).[3]

Tennessee defines marital property as

all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for

---

[3] Once property has been classified as marital property, the court should place a reasonable value on property that is subject to division. *Edmisten v. Edmisten*, No. M2001-00081-COA-R3-CV, 2003 WL 21077990, at *11 (Tenn. Ct. App. May 13, 2003). The parties have the burden to provide competent valuation evidence. *Kinard v. Kinard*, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998). When valuation evidence is conflicting, the court may place a value on the property that is within the range of the values presented. *Watters v. Watters*, 959 S.W.2d 585, 589 (Tenn. Ct. App. 1997). Decisions regarding the value of marital property are questions of fact, *Kinard*, 986 S.W.2d at 231; thus, they are not second-guessed on appeal unless they are not supported by a preponderance of the evidence. *Smith*, 93 S.W.3d at 875.

divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing date.

Tenn. Code Ann. § 36-4-121(b). Husband received the workers' compensation award in a lump sum prior to the parties' divorce; nevertheless, he contends the workers' compensation award was intended to compensate him for lost wages extending for the duration of his expected career, beyond the date of the parties' 2002 divorce. Husband's argument rests on a line of reasoning concerning the nature of workers' compensation awards and the possibility that his award could apply to post-divorce wages. The purpose of workers' compensation is to "provide insured workers with periodic payments, which are a substitute for regular wages," *Dudley v. Dudley*, M1998-00982-COA-R3-CV, 2000 WL 1425279, *3(Tenn. Ct. App. Sept. 28, 2000)(citations omitted). Since the future income of a spouse is generally not classified as marital property, disability benefits which replace future income are not to be classified as marital property. *Gragg v. Gragg*, 12 S.W.3d 412, 418 (Tenn. 2000) (finding that the majority of courts considering the classification of disability benefits has adopted the analytical approach, which focuses on the nature and purpose of the benefits at issue); *see also Dudley*, 2000 WL 1425279 at *3 (applying *Gragg* to workers' compensation benefits). Husband's argument fails, however, because he has provided no proof as to what income his workers' compensation award was intended to replace.

Classification of property is important because only marital property is subject to distribution. Tenn. Code Ann. § 36-4-121(c). Thus, before dividing a marital estate the trial court must classify property as either marital or separate property. Tenn. Code Ann. § 36-4-121(b). The trial court has wide discretion in classifying property. *Dunlap v. Dunlap*, 996 S.W.2d 803, 814 (Tenn. Ct. App. 1998). On appeal, the trial court's decision on such matters is entitled to great weight, and absent an error of law, the trial court's classification of property will be reversed or modified only if the evidence preponderates against the court's decision. *Id.*, *see also* Tenn. R. App. P. 13(d).

Here, Husband contends the workers' compensation award, at least in part, was his separate property. Conversely, Wife contends it is all marital property as Husband received it in lieu of compensation during the marriage. The trial court classified the workers' compensation award as marital property. Thus, the burden is on Husband to establish that the evidence preponderates against the trial court's findings of fact. *Lawler v. Zapletal*, 679 S.W.2d 950, 954 (Tenn. Ct. App. 1984) (citing *Capital City Bank v. Baker*, 442 S.W.2d 259 (Tenn. Ct. App. 1969)).

The classification of property is based upon the evidence presented by the parties. Therefore, it is incumbent upon the parties to present sufficient evidence to allow the court to classify the property and establish a value for it. Although, Husband presents a zealous argument contending the trial court erred in its classification of his workers' compensation award as marital property; the record does not contain facts to support his argument. We find it significant that there is no evidence in the record to establish the time line of the benefits at issue. It is also significant that the judgment

in the workers' compensation action is not in the record.[4]  Thus, there is no evidence in the record that supports Husband's contention that the workers' compensation award was, at least in part, in lieu of post-divorce wages.

The burden was on Husband to establish that the evidence preponderates against the trial court's finding that the workers' compensation award should be classified as marital property.  This court, like the trial court, cannot make classifications of property on any basis other than the evidence presented by the parties.  We are unable to determine from the record whether the $141,642.10, or any portion thereof, replaces Husband's post-divorce wages.  Consequently, the evidence does not preponderate against the trial court's finding.  We, therefore, affirm the classification of the workers' compensation award as marital property.

### TENN. R. CIV. P. 60.02 RELIEF

The party seeking relief from a judgment bears a heavy burden.  Tenn. R. Civ. P. 60.02 provides an "exceptional remedy."  *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992).  Its function is "to strike a proper balance between the competing principles of finality and justice."  *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976).  It is "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules.*"  *Thompson v. Firemen's Fund Ins.* Co., 798 S.W.2d 235, 238 (Tenn. 1990).

Our standard of review of the denial of Tenn. R. Civ. P. 60.02 relief is stated in *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94 (Tenn. 1993).  A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge, and the scope of review of an appellate court is to determine if that discretion was abused.  *Id.* at 97; *see Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996).  With respect to legal issues, our standard of review of the denial of Rule 60.02 relief is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts."  *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Husband contends Wife misrepresented her interest in a thirty-acre tract of land formerly owned by her parents.  He argued in the Rule 60 motion that he was misled by Wife's testimony, given in her deposition, to believe her parents owned the property, that Wife merely had an expectancy interest, and that these misrepresentations induced him to stipulate that Wife's interest in the property should be treated as her separate property.

---

[4]The Chancellor's statements in the transcript indicate her intention to consider the order from the workers' compensation hearing as part of the record before her.  That order, however, was not incorporated into the appellate record.  Presumably, that order would have indicated precisely what wages the workers' compensation award was intended to replace to enable us to determine whether the award was to replace wages beyond September 19, 2002, the date of the parties' divorce hearing.

The record indicates the Chancellor reviewed Wife's deposition and concluded that Wife acknowledged her ownership of the property, testifying that the thirty acres at issue had been conveyed by deed from her parents to Wife and her sister in 1997.[5] The record does not contain the transcript from Wife's deposition; thus, there is no evidence before us upon which to determine the Chancellor erred by denying the Rule 60 relief sought by Husband. Accordingly, we affirm the Chancellor's denial of Husband's Tenn. R. Civ. P. 60.02 motion.

## IN CONCLUSION

We therefore affirm the Chancery Court in all respects and remand with costs of appeal assessed against Appellant, Glenn E. Bilyeu.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5]The Warranty Deed, which is in the record, was recorded in the Register's Office of Sumner County on April 30, 1997.