IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 18, 2022 Session

## LISA NEELY ARTRY v. LESTER RAY ARTRY

**Appeal from the Circuit Court for Shelby County**
**No. CT-003310-16  Valerie L Smith, Judge**

_____

### No. W2020-00224-COA-R3-CV

_____

In this divorce case, we do not reach the substantive issues concerning the trial court's division of the marital estate due to the fact that the trial court failed to designate all property as either marital or separate, failed to assign values to all property, and failed to consider the factors set out in Tennessee Code Annotated section 36-4-121(c).  As such, we vacate the trial court's division of the marital estate and its denial of alimony.  Because the trial court failed to resolve the parties' dispute over the Tennessee Rule of Appellate Procedure 24 statement of the evidence by providing this Court with one cohesive statement, we reverse the trial court's order concerning the statement of the evidence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated in Part, Reversed in Part, and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Princess Monique Woodard, Memphis, Tennessee, for the appellant, Lester Ray Artry.

Jeffrey Hudson Jones, Bartlett, Tennessee, for the appellee, Lisa Neely Artry.

## OPINION

### I. Background

Appellant Lester Ray Artry ("Husband") and Appellee Lisa Neely Artry ("Wife") were married on July 11, 1992. The parties have one adult child.  At the time of the divorce hearing, Wife was 49 years old, and Husband was 51.

Shortly after the marriage, Husband obtained work as a firefighter with the City of Memphis. In 2019, Husband's gross monthly income was $6,422.86. Husband has several medical conditions including hypertension, degenerating knees with severe arthritis, and the need for a left-knee replacement. Due to these health concerns, Husband desires to retire. Although he was eligible for retirement on October 9, 2020, Husband maintains that his gross annual pension would be $39,647.17, which would not cover his monthly expenses. As of June 19, 2019, the present cash value of Husband's City of Memphis pension was $80,360.92.

Wife is employed in a part-time position at FedEx, where she has contributed to a Vanguard Retirement Savings Plan (401K). As of March 31, 2019, Wife's 401K had a vested balance of $5,487.35. Although Wife does not have additional retirement accounts, she will receive approximately $1,075.00 per month in Social Security benefits at the age of 67.

The parties own Anointed Hands Styling Salon, and Wife derives most of her income from her work at the salon. During the course of the marriage, various equipment was purchased for the salon. The parties valued the equipment at $4,493.00 to $4,900, and it is undisputed that the equipment was in Wife's possession at the time of the trial. While the divorce was pending, Wife allegedly unilaterally closed the salon and told Husband that, "They don't know how much I make at the beauty shop; I can open and close when I want and I make a lot more than you."

During the marriage, the parties opened a savings account at Patriot Bank. The account was opened in Wife's name only. All funds deposited into the Patriot Bank account were derived from insurance settlements. These payments included a settlement from United Services Automobile Association in the amount of $25,000.00 paid in relation to the death of Husband's son from a previous relationship, and two Aflac Insurance payments totaling $20,618.49. Although Wife does not dispute the source of the money deposited into the Patriot Bank account, she claims that Husband withdrew approximately $26,000.00 from the account without her knowledge and dissipated it. Husband claims that this withdrawal was used to pay the notes on marital vehicles. The account balance at the time of trial was $19,521.52.

In 2017, Husband removed Wife from his health insurance through the City of Memphis. Her removal was due to a City policy, which precluded a spouse's coverage if that spouse could obtain coverage through his or her employer. As a FedEx employee, Wife qualified for insurance through her employment. In May 2018 and December 2019, Wife incurred medical bills, which she claimed were the result of Husband removing her from his insurance policy.

Husband testified that he received an insurance settlement, in the amount of $13,251.95, from State Farm Insurance during the pendency of the divorce. This amount

was in payment of a personal injury settlement regarding a car accident Husband was involved in during the parties' separation but before the divorce was final.

During the marriage, Wife and her three siblings inherited their parents' home located at 2345 Poe Avenue, Memphis. Allegedly, marital funds were used to pay for maintenance on this home, and $2,000 in marital funds was used to remove a tree on the property. Wife's interest in the property is approximately $6,875.00 based on the 2019 Shelby County Property Assessor's appraisal.

On August 16, 2016, Wife filed a Complaint for Divorce. On September 7, 2016, Husband filed his initial answer; on June 29, 2018, he filed an amended Answer and counter-complaint for divorce. Wife filed her answer to the counter-complaint on June 17, 2019. After several continuances, the trial court heard the case on July 2, 2019. Both parties stipulated to the divorce, and the issues before the Court were as follows: (1) Division/Awarding of the marital residence at 5195 Guffin Road, Bartlett, Tennessee 38135; (2) Transmutation of Wife's inherited ¼ interest in real property located at 2345 Poe Avenue, Memphis, Tennessee 38114; (3) Division of the parties' retirement accounts, more specifically Husband's pension with the City of Memphis and Wife's 401K; (4) The returning of each spouse's jewelry; (5) Disbursement/Awarding of a savings account with Patriot Bank; (6) Division of the equipment and contents of the hair salon; (7) division of a personal injury check received by Husband for an automobile accident during the pendency of the divorce; (8) each spouse's request for alimony; (9) division/assignment of medical bills incurred by Wife; (10) division/awarding of personal property including the contents of the marital residence and the parties' vehicles.

By order of January 8, 2020, the trial court granted the parties a divorce and divided the marital property and debt as follows:

> 3. REAL PROPERTY. There are two parcels of real property at issue in this cause. The marital residence which is located at 3195 Guffin Road, Bartlett, TN and the partial interest in inherited property located on "Poe Street." The house on Guffin Road is the marital home and ordered to be sold with the proceeds to be divided evenly among the parties. The Court finds the testimony regarding the maintenance done to the Poe Street house to support the transmutation of Wife's interest in that property to marital property. Husband is awarded ½ of Wife's present cash value in the property.
> 4. BANK ACCOUNTS. Much testimony was heard regarding an account at Patriot Bank. Wife indicated that this account was meant for her retirement and that Husband improperly took money from it. Husband stated that the money he took from the account was "probably used to pay bills." Both parties testified that the money placed in the account at Patriot Bank was placed in Wife's name only so that past due child support owed by Husband could not be taken from that account. As both parties have come to the Court

- 3 -

with unclean hands in this regard, the Court finds that any remaining funds in this account shall be divided evenly among the parties, and there is no finding of dissipation.

5. PENSION PLANS. The primary issue considered in this cause is that of a City of Memphis pension in Husband's name. The testimony indicates that the entire pension was earned during the marriage. Husband is of the opinion that Wife should receive ½ of the present cash value. The Court disagrees with this position, but finds Wife's testimony regarding her income to be so lacking in credibility that the Court makes an award of 60 [percent] of the pension to husband. . . . The Court finds that the Wife has misrepresented her income to such a degree that 60 [percent] share of the pension plan is warranted in order to make an equitable division of the parties' assets.

Wife's retirement savings from FedEx . . . is to be divided evenly among the parties.

***

8. PERSONAL PROPERTY & HOME FURNISHINGS. The parties in this case each allege that the other has taken jewelry from the other. The Court heard insufficient evidence to make a determination in this regard, particularly given the admitted fraudulent actions of both parties . . . . Any other personal property which is the subject of dispute, the Court orders to be an independent third party, and each choose items of equal value after a coin flip to determine which will be first with Husband being heads and Wife tails.

The trial court also denied both parties' requests for alimony.

On February 7, 2020, Husband filed a motion to alter or amend the final decree of divorce. On July 16, 2020, Wife filed a counter-motion to alter or amend the final decree. On January 5, 2021, the trial court entered an order on the cross-motions to alter or amend. The January 5, 2021 order provides, in relevant part:

1. The parties shall list the property at 5195 Guffin Road, Bartlett, TN [] for sale by February 15, 2020.
2. The Court finds that it has heard insufficient proof to make a determination as to apportionment of the Poe Street property and requires additional argument on this point.
3. The account held at Patriot Bank shall be disbursed within 14 days of this order.
4. The Court denies [Husband's] request to apportion the pension in accordance with his argument.
5. The Court divided the proceeds of a State Farm settlement in accordance

with the proof presented at trial. The Court cannot now consider proof which the Court finds was unavailable at the time of trial, but not presented.

Husband filed a timely notice of appeal; however, because the trial court reserved the issue of the Poe Street property, this Court entered an order requiring a final order. We also entered an order requiring a statement of the evidence. On May 21, 2021 the trial court entered a final order, wherein it held, in relevant part:

> The Court heard the following testimony regarding the Poe Street property:
> 1. Ms. Artry testified that the property was split between her siblings and herself. She stated that her mother died in 1996. Her sister lives there and "pretty much maintains the house." She went on to state that her sister pays the taxes and insurance on the property.
> 2. There was testimony from both parties that Mr. Artry made repairs at the Poe Street property. $2,000 was paid for tree removal from marital funds.
> 3. Mr. Artry testified that the ¼ interest in the property that is before the court is $6,785.00.
>    This Court previously ruled that the ¼ interest was transmuted. The Court hereby alters that ruling as follows:
>    The Court finds that there is a marital interest in the property. The Court finds that the ¼ interest is valued at $6,785.00. In order to balance the equities presented in this cause, the Court finds that Mr. Artry is entitled to $3,392.50. The Court orders those funds shall be awarded form the sale of the marital home. . . .

The parties filed separate statements of the evidence. On December 22, 2021, the trial court entered an order on the statement of the evidence and attached redacted versions of the parties' respective statements.

## II. Issues

Husband raises the following issues for review as stated in his brief:

1. Whether the trial court erred in failing to properly value and divide Mr. Artry's City of Memphis pension pursuant to the present cash value method as Mr. Artry presented sufficient evidence to prove (1) the accurate value of the pension; (2) his retirement would likely occur in the near future; and (3) the marital estate included sufficient assets to offset the award?
2. Whether the trial court erred in failing to value the assets of the marital estate and make a fair and equitable division pursuant to T.C.A. § 36-4-121?
   a. The trial court erred in its division of Mr. Artry's State Farm Insurance personal injury settlement proceeds as it failed to classify the portion of the proceeds that were Mr. Artry's

- 5 -

separate property pursuant to T.C.A. § 36-4-121(b)(2).

b. The trial court erred in failing to divide the State Farm Insurance settlement proceeds equitably between the parties in accordance with the relevant factors in T.C.A. § 36-4-121(c).

c. The trial court erred in failing to consider the relevant factors under T.C.A. § 36-4-121(c) when dividing the funds of the Patriot Bank Savings account.

3. Whether the trial court erred in failing to equitably distribute Mrs. Artry's medical debt between the parties according to the factors set out in *Alford v. Alford*, 120 S.W.3d 810 (Tenn. 2003)?

4. Whether the trial court erred in failing to order Mrs. Artry to return the jewelry of Mr. Artry after her admission that she had the items in her possession at trial?

## III. Analysis

In non-jury cases such as this, Tennessee Rule of Civil Procedure 52.01 requires that a trial court "shall find the facts specially and state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. This Court has held that the requirement to make findings of fact and conclusions of law is "not a mere technicality." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, 2009 WL 1362314, at *8 (quoting *In re M.E.W.* No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004)). Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law," unless the trial court's decision involves only a clear legal issue or the trial court's decision is readily ascertainable. *Lake v. Haynes*, No. W2010-00294-COA–R3–CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011); *Burgess v. Kone, Inc.*, No. M2007-02529-COA-R3-CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008).

As set out above, all of the issues in this case involve the trial court's division of the parties' property. Concerning the division of property in a divorce, this Court has explained that

[b]ecause Tennessee is a dual property state, a trial court must identify all of the divorcing parties' assets and classify them as either separate property or marital property prior to making an equitable division of the marital estate

pursuant to Tenn. Code Ann. § 36-4-121. *Gilbert v. Gilbert*, No. E2009-02118-COA-R3-CV, 2011 WL 13165341, at \*3 (Tenn. Ct. App. Sept. 15, 2011). Only marital property is subject to division, and it is defined as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce." Tenn. Code Ann. § 36-4-121(b)(1)(A); *see also Gilbert*, 2011 WL 13165341, at \*4. Separate property. . . is defined as "[a]ll real and personal property owned by a spouse before marriage" and "[i]ncome from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1)." Tenn. Code Ann. § 36-4-121(b)(2)(A), (C).

*Bates v. Bates*, No. M2019-00505-COA-R3-CV, 2020 WL 3885958, \*3 (Tenn. Ct. App. June 9, 2020).

Furthermore, after a trial court classifies property as marital or separate, Tennessee law is clear that "[t]rial courts must place a reasonable value on marital property that is subject to division." *Kraus v. Thomas*, No. M2012-00877-COA-R3-CV, 2013 WL 2612458, at \*10 (Tenn. Ct. App. June 7, 2013); *Jacobsen v. Jacobsen*, No. M2012-01845-COA-R3-CV, 2013 WL 1400618, at \*9 (Tenn. Ct. App. Apr. 5, 2013) (citing *Edmisten v. Edmisten*, No. M2001-00081-COA-R3-CV, 2003 WL 21077990, at \*11 (Tenn. Ct. App. May 13, 2003)). In addition to the values assigned to marital property, the value of separate property is important, as it is to be considered by the trial court making an equitable division of the marital estate. Tenn. Code Ann. § 36-4-121(c). The parties bear the burden "to provide competent valuation evidence." *Kraus*, 2013 WL 2612458, at \*10 (citing *Kinard v. Kinard*, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998)). "If the parties' valuation evidence is conflicting, the trial court 'may place a value on the property that is within the range of the values presented.'" *Barnes v. Barnes*, No. M2012-02085-COA-R3-CV, 2014 WL 1413931, at \*5 (Tenn. Ct. App. Apr. 10, 2014) (citing *Watters v. Watters*, 959 S.W.2d 585, 589 (Tenn.Ct.App.1997)).

As set out in its orders, *supra*, with the exception of the Poe Street property, the trial court did not classify any of the property as marital or separate. Classification of property is a threshold determination that must be made before property is divided. Questions regarding the classification of property as either marital or separate, as opposed to questions involving the appropriateness of the division of the marital estate, are inherently factual. *Current v. Current*, No. M2004-02678-COA-R3-CV, 2006 WL 656791, at \*1 (Tenn. Ct. App. Mar.15, 2006); *Bilyeu v. Bilyeu*, 196 S.W.3d 131, 135 (Tenn. Ct. App., 2005), *perm. app. denied* (Tenn. June 12, 2006). As such, it is not the purview of this Court to make those findings. *Nicholson v. Nicholson*, M2010-00042-COA-R3-CV, 2010 WL 4065605, at \*7 (Tenn. Ct. App. Oct. 15, 2010). Rather, it is this Court's role to review those findings. Tenn. R. App. P. 13(d). In the absence of appropriate findings and conclusions

under Rule 52.01 regarding the classification and valuation of all property at issue, the basis for the trial court's division of the marital estate is not "readily ascertainable," **_Lake,_** 2011 WL 2361563, at *1, and we cannot make a meaningful review of the trial court's ultimate decision. Accordingly, we vacate the trial court's orders regarding the division of the marital estate and remand to the trial court with instructions to make the appropriate findings of fact and conclusions of law, including classification of the parties' property, assignment of reasonable values, and consideration of the factors set out at Tennessee Code Annotated section 36-4-121(c). To this end, the trial court is not precluded from reopening proof on remand.

Furthermore, we note that neither party raises an issue concerning the trial court's denial of alimony. However, in making a decision whether to award alimony, Tennessee Code Annotated section 36-5-121(i) directs the trial court to consider "[t]he provisions made with regard to the marital property." Tenn. Code Ann. § 36-5-121(i)(8). Having vacated the trial court's division of marital property, we also vacate its decision on alimony. Again, the trial court is not precluded from reopening proof on the question of alimony.

Finally, before concluding, we briefly note another deficiency in the appellate record. On December 22, 2022, the trial court entered an "Order on Statement of Evidence and Objections." This order provides, in relevant part:

> 2. A statement of evidence was filed by both parties as well as an objection to the latter portion of Defendant's statement of Evidence.
> 3. The Court attaches here redacted statements as Exhibits A and B.
> 4. The Court attaches the Final Decree of Divorce an incorporates it by reference as its own statement of the evidence.
> IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED, AND DECREED, that the Court accepts the portions of the statements of evidence that are without redaction. . . .

As referenced in the trial court's order, "Exhibit A" is Husband's amended statement of the evidence; "Exhibit B" is Wife's objection to Husband's amended statement of the evidence. Also attached to the December 22 order is the trial court's January 8, 2020 Final Decree of Divorce.

Tennessee Rule of Appellate Procedure 24 provides, in relevant part:

> (c) . . . Any differences regarding the statement [of the evidence] shall be settled as set forth in subdivision (e) of this rule.

> \*\*\*

> (e) **Correction or Modification of the Record**. If any matter properly

- 8 -

includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court . . .

(f) **Approval of the Record by the Trial Judge or Chancellor**.  The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof. . . .

Although there are no bright-line rules concerning the format of Rule 24 statements of the evidence, normally in resolving competing statements, a trial court will synthesize the evidence into one, cohesive statement.  Here, the trial court's decision to simply use redacted versions of the parties' respective statements along with its previous order as a statement of the evidence is not a good practice.  Respectfully, a court order is not a statement of the evidence; rather it is the trial court's findings of fact and conclusions of law adduced from the evidence.  Furthermore, simply redacting two competing statements places this Court in the position of having to piecemeal the evidence from both parties' statements, neither of which contains the true summation of the trial court's proceedings. It is the trial court's purview to resolve disputes between the parties' respective statements of the evidence.  Tenn. R. App. P. 24(d).  Here, the trial court shirked that duty by failing to provide this Court with one, coherent statement of the evidence.  Accordingly, we reverse the trial court's order approving the redacted "statements" and remand for resolution of the parties' disputes over the evidence and approval of one statement of the evidence.

## IV. Conclusion

For the foregoing reasons, we vacate the trial court's orders concerning the division of property and denial of alimony.  The trial court's order on the statement of the evidence is reversed.  Wife's request for appellate attorney's fees is denied, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to Appellant, Lester Ray Artry, and one-half to Appellee, Lisa Neely Artry, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE